## Duff, Appellant, *v.* Patterson et al.

[Marked to be reported.]

*Deeds—Recording—Recording acts—Title—Notice.*

If a purchaser of land fails to record his deed within six months from its date, and a second purchaser for value and without notice, from the same vendor, places his deed on record before the deed of the first purchaser is recorded, the title of the second purchaser prevails.

If, however, there is evidence that the only consideration which the second purchaser gave was an agreement to satisfy a judgment against the vendor, and that he failed to do this before the first deed was recorded, the question as to whether he was a bona fide purchaser for value without notice is for the jury.

Argued Nov. 8, 1893. Appeal, No. 283, Oct. T., 1893, by plaintiff, Levi Bird Duff, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1891, No. 687, on verdict for A. C. Patterson and Georgia Patterson. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment. Before COLLIER, J.

At the trial, it appeared that both parties claimed title under William M. Abrams. Abrams originally owned an undivided interest in the land in common with Samuel Pierce and Jacob Rush, but he acquired the title of his cotenants and became the sole owner July 28, 1873. He then conveyed to Charles A. McClelland, by deed dated April 14, 1876, recorded June 27, 1888. McClelland conveyed to John R. Wick, by deed dated June 30, 1876, recorded Dec. 8, 1876. Wick conveyed to Joseph McElroy, by deed dated Dec. 29, 1877, recorded Oct. 8, 1879, and McElroy conveyed to Georgia Patterson, the appellee, by deed dated Jan. 19, 1888, recorded March 22, 1888.

So far as the record title stood plaintiff relied upon a deed dated Dec. 15, 1887, recorded within six months, viz., on Dec. 19, 1887. Appellee relied on the McClelland deed, dated April 14, 1876, not recorded until June 27, 1888, more than twelve years after its execution, and six months after the record of plaintiff's deed.

Defendants claimed that plaintiff was not a bona fide purchaser without notice. The evidence to support their claim is stated in the opinion of the Supreme Court.

The court gave binding instructions for defendants.

Verdict and judgment for defendants.    Plaintiff appealed.

*Errors assigned* were above instructions, quoting them.

*J. S. Ferguson, E. G. Ferguson* with him, for appellant.—The recording of subsequent titles by grantees, unconnected by the record with the original title, will not affect the purchaser: Lightner v. Mooney, 10 Watts, 407 ; Ebner v. Goundie, 5 W. & S. 49.

The recording of a conveyance within six months from its date is essential to the validity of the title granted by it against a subsequent bona fide purchaser for a valuable consideration: Poth v. Anstatt, 4 W. & S. 307 ; Fries v. Null, 154 Pa. 573.

If the amount of the credit had been agreed upon at the time, there could be no denying that Duff was a bona fide purchaser for value.    The fact that the consideration was a partial discharge of a pre-existing indebtedness could not change his status in this respect: Bardsley v. Delp, 88 Pa. 420 ; Dovey's Ap., 97 Pa. 153.

*A. C. Patterson,* for appellees.—If the first purchaser had taken and kept possession, or if the second purchaser had notice of the prior sale, the law would not give the second purchaser the property, even if he were a bona fide purchaser: Poth v. Anstatt, 4 W. & S. 307.

The purchaser is not protected if he has notice previously to the execution of the deed and payment of the purchase money : Union Canal Co. v. Young, 1 Whart. 432 ; Youst v. Martin, 3 S. & R. 423 ; Ashmead v. Hean & Moulfair, 13 Pa. 584.

Duff must be visited with knowledge of what the recording office would show as to his grantor's title.    When he got his deed Abrams had no proper title on record, for the Abrams's deed was in the custody of defendants' vendor and was not on record : Chew v. Barnet, 11 S. & R. 393 ; Bellas v. McCarty, 10 Watts, 27 ; Cresson v. Miller, 2 Watts, 275.    It was plaintiff's duty to inquire as to possession : Meehan v. Williams, 48 Pa. 240 ; Boggs v. Varner, 6 W. & S. 474.

If the transfer is bona fide, neither the grantor nor his agent is the proper or lawful one to make satisfactory inquiry : Warner v. Henby, 48 Pa. 190.

Assessment and payment of taxes is an assertion of title: Sober v. Willing, 10 Watts, 142; Royer v. Benlow, 10 S. & R. 306; Brown v. Day, 78 Pa. 29.

Duff is only Abrams's servant to perform a duty for him and his creditor, but, if the subject-matter of the thing over which he is asked to perform a duty, has been incumbered before the creation of the trust, he cannot take a greater title in it than his grantor had, for he is not one of the class of persons intended to be helped by the act of March 17, 1775.

A subsequent bona fide purchaser for a valuable consideration without notice is alone within the protection of the act: Shrider's Lessee v. Nargan, 1 Dal. 68; Foster's Lessee v. Whitehall, 2 Yeates, 259; Burke v. Allen, 3 Yeates, 360; Ewalt's Lessee v. Highlands, 4 Dal. 153; Henry v. Morgan, 2 Bin. 497; Plumer v. Robertson, 6 S & R. 179; Union Canal Co. v. Young, 1 Whart. 432; Poth v. Anstatt, 4 W. & S. 307.

Duff's testimony shows him to be only a trustee or servant to perform a duty which Abrams desired to be done: Rundle v. Murgatroyd's Assignee, 4 Dall. 304; Thompson v. Dougherty, 12 S. & R. 448; Johnston's Heirs v. Harvy, 2 P. & W. 92; Geiger v. Welsh, 1 Rawle, 349; Hamet v. Dundass, 4 Pa. 178; Kepner v. Burkhart, 5 Pa. 478; Gans v. Renshaw, 2 Pa. 34; Poth v. Anstatt, 4 W. & S. 307.

A purchaser of land from one who has no deed therefor in his possession or upon record, without notice that the title is actually in another, must appear to have acted not only in good faith but with extreme diligence, for equity will refuse to protect the careless and slothful: Logan v. Neill, 128 Pa. 456; Hiern v. Mill, 13 Ves. Jr. 114.

The judge (trying an ejectment) may refuse to submit a case to the jury, if, in his opinion, the evidence is insufficient to warrant a decree for defendant if he had sued in equity: Mansley v. Wylie, 132 Pa. 65; Hess v. Calender, 120 Pa. 138; Reno v. Moss, 120 Pa. 49.

OPINION BY MR. JUSTICE THOMPSON, December 30, 1893:

The substantial question in this ejectment is whether the appellant was a bona fide purchaser of the land involved and without notice. Abrams's deed to appellant, the plaintiff below, was dated December 15, 1887, and recorded December 19th, of

the same year.   Appellee, Mrs. Patterson, deduced her title also
from Abrams, but his deed to his first vendee Charles A. McClelland was dated April 4, 1876, and was not recorded until June 27,
1888, some six months after the recording of the deed to appellant.   That deed however it is testified was in the hands of Mr.
Patterson when he examined the title for appellee, who is his wife.
If appellant and appellee, Mrs. Patterson, were both innocent
purchasers and without notice, appellant having first recorded
his deed his title doubtless would prevail.   The act of 1775 is
sufficiently specific in this regard.   After providing for the
time of recording, it provides that if a deed be not so recorded
it shall be fraudulent and void against any subsequent purchaser or mortgagee for valuable consideration, and in Poth v.
Anstatt, 4 W. & S. 309, it is said by Mr. Justice HUSTON:
" To protect the purchaser however against an innocent purchaser without notice, the deed must within six months be recorded : for his protection, in such case, recording is as essential
as proof of sealing and delivery by the grantor would be to protect him against the grantor."   And in Souder v. Morrow, 33
Pa. 83, Mr. Chief Justice LOWRIE says : " The act of 1775 requires the recording of both deeds and mortgages and gives the
very law of this case in fixing the penalty of disobedience.   It
says they shall be void against subsequent purchasers and
mortgagees, if not recorded in proper time and place; unless
recorded before the subsequent ones.   Here the law was violated in relation to both prior and subsequent ones, but the
prior one was first recorded, and therefore the condition on
which it was to be void did not arise."   And again : " Purchasers ought to know that they have only a conditional title,
dependent on the honesty of their vendors, so long as they
neglect to record their deeds.   They are not safe merely because of the neglect of a former purchaser to record within six
months and of there being no subsequent deed to oppose them,
but because, among several deceived purchasers, they are first
to obey the law."

In the present case the court below directed a verdict for
defendant below.   This was error because the question whether
the plaintiff (the appellant) was a bona fide purchaser and
without notice should have been submitted to the jury.   The
contention of the appellant was that he was such purchaser

and he rested it upon the evidence that Samuel Duff held two judgments against Abrams at the time of the conveyance to appellant; one of them was for nearly $10,000 and the other for $3,000. That at the time of this transaction they, with interest, amounted to nearly $20,000 ; that when appellant took this conveyance from Abrams he revived the larger judgment and not the smaller one, which was to be held as a stand-off to the conveyance, and that one dollar was the consideration named in the deed, but appellant executed and delivered, when he received the deed, a paper in which he recited the delivery of the deed and agreed to enter a credit on such judgment for the amount he might realize out of the lands. That General Blakely, who represented Abrams, agreed that the deed should be taken as payment on account of the judgment for the lands, which were estimated to be worth about $3,500. That the credit has never been agreed upon as yet. That it ranged from $3,500 to whatever the lands were worth. That appellant was the son of Samuel Duff, and his general attorney, who attended to his business. Appellees' contention was that the proofs established that appellant was not such bona fide purchaser without notice, and based their contention upon the testimony that the deed of Rush and wife to Abrams, by which the latter became vested with title, was not of record at the time of the conveyance to appellant. That if appellant had made an examination of the record he would have found such to be the fact. That the representative of Abrams called his attention to the subject of this conveyance, and he did not in any way examine the title, that he made no inquiry as to any specific deed or deeds, that he had no information of the title except what that representative told him. That he had no knowledge of the property itself except that which he learned from such representative. That the consideration was to be a credit on the judgment, that Abrams instructed his representative to get as much credit upon the judgment as he could, that he wanted to get a credit to the full value of the lands. That the agreement made when the deed was executed was that appellant was to take title and was to credit what he should realize upon those judgments. That no credit has in fact been given, and therefore the transaction was not completed when appellee recorded the deed. That Abrams was insolvent and the deed was in fraud of the

rights of creditors.    That two days after the conveyance to appellant he learned of the deed to McClelland and then placed his deed on record.

Without expressing an opinion upon which side of these contentions the weight of evidence lies, it is sufficient to say that the question, whether appellant was a bona fide purchaser, and without notice, should have been submitted to the jury, and for this reason the judgment is reversed and a venire facias de novo awarded.