Hugh Tate and Humphrey D. Tate, by their Guardian, Robert E. Brown, Appellants, *v.* F. H. Clement and E. F. Kerr.

### *Deed—Cancellation—Destruction of title.*

An estate once vested by deed cannot be divested by the mere annulment and cancellation of the deed. The cancellation is but the destruction of the evidence of the title, not the annulment of the title itself.

### *Title—Recital in deed.*

No title can be divested by a mere recital in a deed, or by any form of deed to which the holder of the title is not a party. A fortiori is this the case where the title sought to be divested is in a married woman, and can only be conveyed in accordance with the prescribed statutory forms.

A grant by deed cannot be diminished by a mere recital in the description of the land conveyed.

### *Deed—Delivery—Recital—Evidence—Possession.*

S. conveyed certain land to his daughter-in-law M. in fee. Five months afterwards he executed another deed for the same land to a brother of M. in trust for the use of M. with contingent remainders over to M.'s husband and children. In the latter deed the grantor recited that he " did on the 27th day of February last past seal and deliver to the said M. a deed therefor in fee ; " that the former conveyance did not express the intention of the parties, " wherefore the said deed of conveyance has been by the consent of the said parties withdrawn, annulled and canceled." The evidence showed that after the execution of the first deed M. went into possession of the land, and was in possession when the second deed was made. M. retained possession of the land for nearly fifty years. *Held,* (1) that the words " did seal and deliver " in the second deed implied an acceptance by M. ; (2) that although the first deed was not recorded the grantee in the second deed took with notice of M.'s title both from the recital in the second deed and the fact of M.'s possession of the land ; (3) that M.'s conveyance of the land to a third party vested in her grantee an estate in fee simple.

Argued May 11, 1896. Appeal, No. 57, July T., 1895, by plaintiffs, from judgment of C. P. Bedford Co., Nov. T., 1893, No. 221, on verdict for defendants. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Ejectment for two sevenths of a tract of land in West Providence township. Before GORDON, P. J., of the 46th judicial district, specially presiding.

At the trial it appeared that on February 27, 1846, Samuel Tate executed and delivered a deed conveying unto Martha L. Tate, the wife of his son David C., in fee simple, a tract of land containing about fifty acres, as stated in the deed, although the real quantity was about seventy-nine acres. Martha and her husband went into possession of the property about the 1st day of April, 1846. On July 4, 1846, Samuel Tate conveyed the same land in trust to James L. Black for the benefit of Martha L. Tate, with contingent remainder over to Martha's husband and children in fee. The material portions of this deed and its recitals are as follows:

"And whereas the said Samuel Tate being so seized of the said tract of land, and being desirous to grant and convey a part thereof, viz: Fifty acres and allowance, more or less, hereinafore particularly described, to his daughter-in-law Martha L. Tate, wife of his son, David C. Tate, and to her children by her said husband, did, on the 27th day of February last past, seal and deliver to her, the said Martha L. Tate, a deed therefor, in fee. And whereas, the said Samuel and the said Martha L. have been advised that the effect of the said deed of conveyance would be different from what then was and still is the intention of the parties, and that the title to the said property might, under certain circumstances, and the legal construction and force of the said deed, pass to and become vested in other persons than the said Martha L. and her children by her said husband, and their heirs and assigns, who were exclusively the objects of the said grant and the persons for whose use and benefit the same was intended; wherefore, the said deed of conveyance has been, by the consent of the said parties, withdrawn, annulled and cancelled.

"Now this indenture witnesseth that the said Samuel Tate, for and in consideration, as well of the labors and services to him rendered by the said Martha L. Tate and her husband aforesaid for several years past, and of a covenant and engagement on the part of the said Martha L. Tate and her husband, bearing equal date herewith, for the comfortable support and maintenance of him, the said Samuel henceforward during his natural life, as of the sum of one dollar to him paid by the said James L. Black, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, released and confirmed and by these

presents doth grant, bargain, sell, release and confirm unto the said James L. Black, his heirs and assigns, all the following described and bounded part or parcel of the tract of land above mentioned, viz: . . . .

" Together with all and singular the tavern house, barn, stable, and other improvements thereon erected and made, and the rights, privileges and appurtenances thereunto belonging.

" To have and to hold the said described and bounded tract or parcel of land with the appurtenances to him, the said James L. Black his heirs and assigns, in trust nevertheless to and for the several uses, intents and purposes hereinafter mentioned, limited and declared of and concerning the said tract of land, and to and for no other use, intent or purpose whatsoever; that is to say upon special trust and confidence that he the said James L. Black shall and will permit, suffer and authorize the aforesaid Martha L. Tate to possess, occupy and enjoy the said tavern house, land and premises hereby granted and every part thereof, for and during her natural life to and for her own exclusive and separate use, benefit and support, and so that the same shall in no wise be in the power or liable to the control, engagements or debts of her present or any future husband; or at her option to permit and suffer her the said Martha L. Tate to let and demise the said property or any part thereof, and to receive and take the rents and income thereof to her own separate use during the said term of her natural life, for which the receipts of the said Martha L. in her own name, shall be deemed, adjudged and taken to be good and valid discharges in law, and from and immediately after the decease of the said Martha L. Tate, if her husband David C. Tate aforesaid shall survive her, then to hold all and singular the premises hereby granted in trust to and for the only proper use, benefit and behoof of the said David C. Tate for and during all the term of his natural life, and no longer; and from and after the decease of the survivor of them the said David C. Tate and Martha L. Tate, his wife, then to hold the said land and premises, with the appurtenances, in trust for such of the children of the said David C. Tate, by the said Martha L. Tate as shall be living at her death, and the lawful issue of such children, if any, as may then be deceased, their heirs and assigns forever."

Samuel Tate died in 1849. His son, David C. Tate, died in

1850, leaving to survive him his widow, Martha L. Tate, and an only child, Samuel B. Tate.   The son died in 1888, leaving to survive him his mother, his widow and seven children, two of whom are the plaintiffs in this action.   Martha L. Tate died in February, 1893.   In 1883, Martha L. Tate and Samuel B. Tate conveyed the land in controversy to F. H. Clement.   In this deed she recites the trust deed as a deed under which she claimed title.   The deed of February, 1846, was not recorded, but the trust deed of July, 1846, was duly acknowledged and recorded.

The court gave binding instructions for the defendants.

Verdict and judgment for defendants.   Plaintiffs appealed.

*Error assigned* among others was above instruction.

*Samuel T. Brown*, for appellants.—A trust never becomes defunct for want of a trustee.   A person in possession of money or property, acknowledging a trust, becomes from that time a trustee.   His antecedent relation to the subject no longer controls: 2 Story's Eq. Juris. sec. 972.

In 1846 and down to the 11th day of April, 1848, a conveyance of land to a married woman, whether in fee tail or fee simple, was in effect a conveyance to the husband, for his life, and then to the wife if she survived him.   The husband became entitled to the possession and to the rents and profits, and these might be "swept away, through the improvidence, misfortune, or even vice of the husband, and she left to destitution:" Bear's Adm. v. Bear, 33 Pa. 527 ; Towers v. Hagner, 3 Wharton, 50.

A deed executed and delivered, containing a mistake as to what was intended, may be destroyed by consent of the parties and a new one executed to conform with the intention of the parties interested in it: Gardner v. McLallen, 79 Pa. 398 ; Wiley v. Christ, 4 Watts, 196.

Under the recital showing the purpose of the first deed Martha L. Tate might agree to the cancellation of the first deed, and even if she held it, she would be a trustee for her children and their issue: Barncord v. Kuhn, 36 Pa. 383.

If a man make a deed to two persons and deliver it to only one and say nothing of the other, on the delivery, the deed is void as to him: Hannah v. Swarner, 8 Watts, 9.

Delivery is one of the requisites of a good deed. There can be no delivery without an acceptance. Both delivery and acceptance, are matters of fact. The court could not say in this case, as a matter of law, that there was a good delivery, when the whole context of the recitals in the trust deed shows that there was no acceptance : Van Amringe v. Morton, 4 Wharton, 381 ; Dayton v. Newman, 19 Pa. 194.

A recital in a deed under which the party offering the recital does not claim is not evidence for him : Jack v. Woods, 29 Pa. 375; Dean v. Connelly, 6 Pa. 239 ; James v. Letzler, 8 W. & S. 192. The assertion of an alleged fact in a deed dated in July, 1846, could not affect parties whose interest and whose right to object could not be determined for more than forty years afterwards; especially would this be true where the parties to be bound are minors : Osborne v. Endicott, 65 Am. Dec. 498; Phillips v. Stroup, 1 Mona. 517.

A lost deed can only be proved under the act of assembly, and according to its provisions : Kerns v. Swope, 2 Watts, 79; Bolton's Est., 14 Pa. C. C. 575.

The act of March 18, 1775, expressly provides that a deed not duly acknowledged shall be held fraudulent and void as against a subsequent purchaser for a valuable consideration. The act does not provide for any other than record notice. Proof of acknowledgment is absolutely necessary, and the recital in this case does not furnish it : 1 Purd. Dig. 583 ; Penna. Salt Co. v. Neel, 54 Pa. 18 ; Davey v. Ruffell, 162 Pa. 443 ; Collins v. Aaron, 162 Pa. 539; Simon v. Brown, 3 Y. 186; Impt. Co. v. Mitchell, 35 Pa. 269.

A married woman, like others, is bound by the recording acts, and is estopped from claiming under an unrecorded deed: Husbands on Married Women, 68 ; Couch v. Sutton, 1 Gr. 120 ; Rhoads' Est., 3 R. 420. A recorded deed in Pennsylvania will be construed as a feoffment with livery of seizin : Eckman v. Eckman, 68 Pa. 460. If a former owner neglects to record his title, every presumption is to be made in favor of a subsequent purchaser : Boggs v. Varner, 6 W. & S. 469.

The possession of Martha L. Tate avails nothing for defendants in this case. It is in fact against them. The title of a person in possession is always presumed to be under his title on record and not under some other title which is, not recorded :

Woods v. Farmere, 7 W. 382; Lightner v. Mooney, 10 W. 407; Stiffler v. Retzlaff, 20 W. N. C. 303 ; Yost v. Brown, 126 Pa. 92.

The moment the second deed of Samuel Tate was placed on record (November 10, 1846), this being more than six months after the date of the prior unrecorded deed (of February 1846), the title under the first deed ceased to exist. It becomes null and void by virtue of the recording acts alone, independent of any question that could be raised respecting conveyances by married women: Poth v. Anstatt, 4 W. & S. 307; Ebner v. Goundie, 5 W. & S. 49.

*A. O. Furst* and *John H. Jordan*, with them *Kerr & McNamara*, for appellees.—A conveyance of the husband's land by husband and wife, without an acknowledgment by the wife, agreeable to the act of February 24, 1770, does not impair the wife's right of dower: Kirk v. Dean, 2 Binn. 341; Evans v. Com., 4 S. & R. 273; Watson v. Mercer, 6 S. & R. 51; Fowler v. McClurg, 6 S. & R. 143; Steele v. Thompson, 14 S. & R. 92; Barnet v. Barnet, 15 S. & R. 73; Jamison v. Jamison, 3 Wh. 468; Trimmer v. Heagy, 16 Pa. 484; Thorndell v. Morrison, 25 Pa. 326; Glidden v. Strupler, 52 Pa. 400.

There must be affirmative and substantive proof on Samuel Tate's part or those claiming under him that Martha L. Tate and her husband reconveyed the land to him, according to the statutory method, before he could make a new conveyance: Dunham v. Wright, 53 Pa. 167; Kirk v. Clark, 59 Pa. 480; Colburn v. Kelley, 61 Pa. 317; Del., L. & W. Ry. v. Burson, 61 Pa. 381; Graham v. Long, 65 Pa. 386; Williams & Confer v. Baker, 71 Pa. 483; Brown v. Bennett, 75 Pa. 422; Miller v. Wentworth, 82 Pa. 285; Stivers v. Tucker, 126 Pa. 74; Klein v. Caldwell, 91 Pa. 144; Buchanan v. Hazzard, 95 Pa. 243; Innis v. Templeton, 95 Pa. 262.

The doctrine of estoppel cannot be invoked to enforce the agreement of a married woman for the sale of her land when the agreement was otherwise void: Davison's App., 95 Pa. 394; Myers v. Boyd, 96 Pa. 429; Grim's App., 105 Pa. 385; Miller v. Ruble, 107 Pa. 401; Huffman v. Huffman, 118 Pa. 64; Spencer v. Reese, 165 Pa. 158.

Where actual notice existed of the prior conveyance, a sub-

sequent mortgagee or purchaser is not protected by the fact of the record of his deed or mortgage.    A subsequent bona fide purchaser for a valuable consideration without notice is alone within the act: Duff v. Patterson, 33 W. N. C. 519; Henry v. Morgan, 2 Binn. 497; Randall v. Silverthorn, 4 Pa. 173; Harris v. Bell, 10 S. & R. 39; Stroud v. Lockhart, 4 Dallas, 145; Shrider v. Nargan, 1 Dallas, 72; Foster v. Whitehill, 2 Yeates, 259; Burke v. Allen, 3 Yeates, 360; Henry v. Morgan, 2 Binn. 497; Plumer v. Robertson, 6 S. & R. 179; Union Canal Co. v. Young, 1 Wh. 432; Hoffman v. Strohecker, 7 Watts, 90; Jaques v. Weeks, 7 Watts, 261; Poth v. Anstatt, 4 W. & S. 307; Spackman v. Ott, 65 Pa. 131.

A deed may be tendered and accepted for examination, but when this is the case the circumstances will show it.    Where, therefore, there is nothing to qualify the act, the law will presume the acceptance of the deed, and delivery becomes complete.

Opinion by Mr. Justice Mitchell, July 15, 1896:

The learned judge below directed the verdict for the defendants, and there is no claim that there was any material question of fact in dispute which required submission to the jury.    Both sides having agreed that the issue was one of law for the court, the only question before us is whether the court decided it rightly.

Of this we entertain no doubt.    The plaintiffs' own case showed that they had no title.    They claimed under a deed from Samuel Tate, made in July, 1846, and this deed showed of itself that the grantor had at that time no estate in the land to convey.    It recites that whereas the grantor being seized, etc., and being desirous to convey, etc., "did on the 27th day of February last past seal and deliver to the said Martha L. Tate a deed therefor in fee," and whereas the said parties had been advised, etc., "wherefore the said deed of conveyance has been by the consent of the said parties withdrawn, annulled and cancelled," and thereupon it proceeds to convey the same land to a trustee upon a separate use trust for the said Martha L. Tate, with contingent remainders over to her husband and children, etc., under which it must be conceded that the plaintiffs would have a good title if their ancestor was then seized of

the land.  But as already said his own recital shows that he had previously parted with all his estate.  He had sealed and delivered a deed in fee to his daughter-in-law Martha, and the estate had therefore vested in her.  An estate once vested cannot be divested by the mere annulment and cancellation of the deed.  That as was well said by the learned judge below was but the destruction of the evidence of the title, not the annulment of the title itself.  No title can be divested by a mere recital in a deed, or by any form of deed to which the holder of the title is not a party.  A fortiori is this the case where the title sought to be divested is in a married woman and can only be conveyed in accordance with the prescribed statutory forms.

The appellant argues that the deed was not accepted, and that the recital shows that the delivery must have been for examination, and the subsequent grant indicates that there was no acceptance.  But the words used by the grantor are " did seal and deliver," and delivery implies acceptance.  There may be delivery in escrow, and there may be transfer of manual possession for examination or other purposes, but without acceptance there is merely a tender.  Delivery implies both tender and acceptance, and there is nothing in this case to support any other than the ordinary construction of the word.

The appellant further argues that the deed of February, 1846, not having been recorded cannot prevail against the later deed which was duly put on record.  But the grantee in the later deed was not a bona fide purchaser without notice.  It is doubtful if in equity he could be treated as anything more than a volunteer, but in any case he took with notice in his deed itself, that his grantor, as against the prior conveyance, had no estate to convey.

It is further argued that Martha L. Tate's deed to Clement was only a conveyance of her title under the trust deed of July, 1846, and therefore Clement took no more than an estate for her life.  But this is a misreading of the deed.  It is a conveyance to Clement, his heirs and assigns, of all the grantors' estate, right, title, etc., with special warranty, and the only reference to the deed of July, 1846, is in the description of the property as part of the land described in that deed.  The granting portions of the deed to Clement passed all the estate of the grantors

whatever it was, and whencesoever derived, and the grant cannot be diminished by a mere recital in the description.

So far we have considered the case solely as it was presented by the plaintiffs. But when we turn to the defendant's side we find the uncontradicted testimony of Col. J. W. Tate, that Martha took possession of this land in April, 1846, after the conveyance to her and before the conveyance to Black as trustee. And she retained the possession except of the portion she sold until she died in 1893. In addition therefore to the presumptions from the recital in the deed of July, 1846, she is thus shown to have been a grantee in actual possession when that deed was made to Black, and her possession was notice to him of her title.

There is no doubt that the result thus arrived at defeats the intentions of Samuel Tate if they are to be gathered strictly from the language of his deed. And it may be that it defeats also the intentions of Martha L. Tate as they may be inferred from her failure to take any active steps to set aside the trust. But the latter is by no means clear. If we are to draw inferences as to her actual intentions it is hardly open to question that she regarded herself the tenant for life and her son the remainder-man as jointly owning the entire fee, and intending to convey it to Clement. They were probably not informed as to the subject of contingent remainders, and did not contemplate the contingency of her surviving her son. But the case cannot be decided on inference or conjecture as to actual intentions. The evidence shows that the legal title and possession were in Martha Tate ; there is no evidence that would enable the court to say that the title ever passed out of her by her own act; and it could not be taken out of her by the act of any other person.

Judgment affirmed.