Gertrude F. Davis, Angelo C. Freeborn and Fair D. Freeborn, and Fawn W. Freeborn, by his guardian, Angelo C. Freeborn, *v.* Levi G. Monroe, Appellant.

*Deed—Recording deed—Notice—Constructive notice.*

The record of a deed is notice only to those who are bound to search for it, including parties subsequently dealing with the land or concerned with .its title; but it is no notice to the grantor in the deed.

*Deed—Fraud—Statute of limitations—Ejectment.*

Where a tract of land is included in a deed by the active fraud of the grantee, and without knowledge of the grantor who continues in possession of the tract, the statute of limitations will not begin to run against the grantor until discovery of the fraud, or until he has such notice as puts him upon inquiry.

*Deed—Acknowledgment of deed—Fraud—Justice of the peace—Evidence —Competency of witness.*

That a justice of the peace knowing of a fraud takes an acknowledgment of a deed by which the fraud is to be carried out, and says nothing at the time to the parties defrauded, is a circumstance which may affect his credibility with the jury, but which does not make him an incompetent witness in a contest between the original parties.

Argued May 2, 1898. Appeal, No. 193, Jan. T., 1897, by defendant, from judgment of C. P. Potter Co., Sept. T., 1894, No. 221, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Ejectment for a tract of land in Bingham township. Before OLMSTED, P. J.

At the trial it appeared that the land in controversy was known as the flat-iron tract. Defendant claimed that it had been fraudulently included in a deed with other land which he and his wife executed in 1873.

Ira Carpenter, the justice of the peace, who took the acknowl-

edgment of the deed in this case, was called as a witness by defendant, to prove " that Mr. Cobb, the grantee of the deed from Levi H. Monroe and wife, came to his place in 1873 to close up the transaction of the conveyance and have the deed acknowledged ; that they were in a small room together; that they objected to signing the deed which was asked by Mr. Cobb to be made to him for precedent indebtedness ; that the deed was drawn in a general manner as shown by the evidence already in the case ; that Levi G. Monroe, the grantor in said deed, could not read writing generally, and that his wife could read writing very little ; that they objected to signing the deed, as it would take away their home, which was situated on the ' flat-iron ' piece, hereafter alluded to, of seventy-three acres shown on the draft ; that Mr. Cobb stated to them that the deed did not include the flat-iron piece, and that he would give them twenty cows on the place and aid them in other ways, and that they could go on and pay and get back the rest of the land; that upon the faith of these representations, which were false, the grantor, Levi G. Monroe, and his wife signed the deed, not knowing the contents of the same, and believing the contents to be as alleged by Mr. Cobb; that the justice of the peace at one time in the interview, attempted to read the deed, but that Mr. Cobb took it from his hand and said it was not necessary, or language to that effect; that the said defendant has been in possession of the property from that time until the present, and that the first knowledge that defendant had of the fraud perpetrated upon him was in 1894, at the time of the bringing of the suit."

Plaintiffs' counsel objected to the offer as incompetent and irrelevant, first, for the reason that a justice of the peace may not contradict his official act; second, that more than twenty-one years having intervened, there is a legal presumption that all was done regularly, and the deed may not be disputed at this time.

By the Court: The objections are sustained, and bill sealed. [1]

The court gave binding instructions for plaintiffs. Verdict and judgment for plaintiffs. Defendant appealed.

*Error assigned* was ruling on evidence, quoting the bill of exception.

*H. C. Dornan*, of *Dornan & Ormerod*, and *H. H. Rockwell*, for appellant.—Monroe's possession of the premises must be presumed to have been adverse until evidence to the contrary is given, and if he, not having any knowledge that the property in suit was described in the deed given by him of other lands, remained in possession of these lands for twenty-one years, believing himself to be owner, that is a full answer to and an end to this question of title : Neel v. McElhenny, 66 Pa. 300 ; Brown v. McCoy, 2 W. &. S. 307, note; Campbell v. Braden, 96 Pa. 388 ; Bidwell v. Evans, 156 Pa. 30.

The inclusion of the premises in suit in the deed from defendant to William Cobb, in the manner described in defendant's offer of proof, was an active fraud perpetrated upon Monroe by Cobb, for which Monroe might have maintained an action to set aside the conveyance, immediately upon the discovery of such fraud; Levick v. Brotherline, 74 Pa. 149 ; and the statute of limitations would not begin to run until the discovery of the fraud : Susq., etc., Coal Co. v. Quick, 61 Pa. 341 ; Gandolfo v. Hood, 1 Pearson, 269 ; Marsden v. Marsden, 39 Leg. Int. 148 ; Kuhns's App., 87 Pa. 100 ; Riddle v. Murphy, 7 S. & R. 229 ; Jones v. Conoway, 4 Yeates, 109; Rush v. Barr, 1 Watts, 120 ; Pennock v. Freeman, 1 Watts, 410 ; Rife v. Geyer, 59 Pa. 396 ; Ferris v. Henderson, 12 Pa. 52 ; Bricker v. Lightner, 40 Pa. 199 ; Humphreys v. Mattoon, 43 Iowa, 556 ; Hudson v. Wheeler, 34 Texas, 356 ; Martin v. Martin, 35 Alabama, 560 ; Phalen v. Clark, 19 Conn. 421 ; Kraus v. Thompson, 30 Minnesota, 64 ; Decker v. Decker, 108 N. Y. 128 ; Foot v. Farrington, 41 N. Y. 164 ; Weaver v. Haviland, 68 Hun, 376.

A secret fraud in the making of a deed is ground for action by the party injured when the fraud is discovered : Wiswall v. Hall, 3 Paige Ch. (N. Y.) 313 ; Hall v. Erwin, 60 Barb. 349.

. Cobb having obtained the title to the flat-iron piece in this case by fraud, was a trustee ex maleficio: Christy v. Sill, 95 Pa. 380 ; Plumer v. Reed, 38 Pa. 46 ; Boynton v. Housler, 73 Pa. 453 ; Seichrist's Appeal, 66 Pa. 237,; Squires's App., 70 Pa. 266 ; Cook v. Cook, 69 Pa. 443 ; Blaylock's Appeal, 73 Pa. 146.

It is the general rule that where a written instrument fails to conform to the agreement between the parties, either through mutual mistake or fraud practised by one of the parties, the court will afford relief : Albany Savings Institution v. Burdick,

87 N. Y. 40; Smith v. Smith, 134 N. Y. 62; Kilmer v. Smith, 77 N. Y. 226.

The plaintiffs' paper title, being the foundation of his action, the fraud practised in procuring it may be raised at any time in answer to a claim made under it, and the statute of limitations may not be availed of by plaintiffs as against the fraud: Maders v. Lawrence, 49 Hun (N. Y.), 361.

*W. 1. Lewis*, of *Larrabee & Lewis*, for appellees.—A vendor, after conveyance and before delivery of possession, is to be regarded as a trustee for the vendee so far as possession is concerned, just as he was the trustee of the title before conveyance; if he wishes to change the character of his possession, he must manifest his intention by some act of hostility to the title of his vendee, plainly indicating to the latter the intention to deny his right and hold adversely: Olwine v. Holman, 23 Pa. 279; Connor v. Bell, 152 Pa. 444; Ingles v. Ingles, 150 Pa. 397.

After an officer has certified a judicial act of this character under his seal of office, the policy of the law should make him incompetent at any time to contradict it.

When a person against whom a fraud has been perpetrated lies by for twenty-one years without causing it to be investigated, he will not then be permitted to show it, for, after so long an acquiescence, the presumption of law is conclusive that no fraud was committed: Kribbs v. Downing, 25 Pa. 399; Bellas v. Levan, 4 Watts, 294; Mead v. Leffingwell, 83 Pa. 187; Rose v. West Phila. Ry. Co., 12 Atl. Rep. 78; Christy v. Sill, 95 Pa. 380.

OPINION BY MR. JUSTICE MITCHELL, July 21, 1898:

The offer of defendant at the trial was not to show that he had acquired title by adverse possession as against his own deed to Cobb. That would have required proof of acts clearly hostile to Cobb's title, so as to convey notice to the latter. No such acts are claimed here. But the offer was to show that as to the "flat-iron tract," although it was included in the deed, yet by reason of the fraud the title never passed to Cobb, but remained in the defendant as it had been before. After the deed the appellant, grantor, remained in possession of the land. It is conceded that as to so much as was properly included in the deed, he was thereafter in possession as trustee for his

grantee Cobb, and cannot now dispute the latter's title. But as to any land not intended to be granted, and only included in the deed through fraud, defendant continued to hold by his former title, and the statute of limitations did not run against him until discovery or such notice as put him upon inquiry.

The learned judge below was of opinion that the recording of the deed was constructive notice to appellant of the extent of Cobb's claim under it, and that after twenty-one years appellant could not be heard to dispute his grant. In this he gave too broad an effect to the notice implied by the recording acts. The record is notice only to those who are bound to search for it, including parties subsequently dealing with the land or concerned with its title: Maul v. Rider, 59 Pa. 167. But in general, antecedent rights are not affected. The recording of a deed is the act of the grantee and in his interest. He may or may not put it on record for years or at all. The grantor is under no obligation to see to its recording or to examine the terms thereof. Consequently it is no notice to him.

Taking the facts to be as shown in the offer, which for present purposes we are bound to do, the "flat-iron tract" was not intended to be conveyed, and was included in the deed only by an active fraud. Appellant therefore never parted with his title to that tract, but remained in possession in his own right as before. If this ejectment had been brought the next day after the delivery of the deed he could have made this defense, and as nothing has been shown to indicate knowledge of the fraud or notice to put him upon inquiry, he may make it now. The offer therefore should have been admitted.

It is objected further by the appellees that on public policy, the justice of the peace cannot be permitted now to impeach his certificate of acknowledgment. How far such a rule may be invoked for the protection of subsequent purchasers or parties dealing with the land on the credit of his official act, we are not now called upon to consider, but it cannot be applied between the original parties or their privies. That a justice of the peace knowing of a fraud took an acknowledgment of a deed by which the fraud was to be carried out, and said nothing at the time to the parties defrauded, is a circumstance that may affect his credibility with the jury, but does not make him an incompetent witness in a contest between the original parties.

Judgment reversed and venire de novo awarded.