**In re William T. McLAUGHLIN, Debtor.**

**GIRARD BANK, Plaintiff,**

v.

**William T. McLAUGHLIN, Debtor**

**and**

**James J. O'Connell, Esquire, Trustee, Defendants.**

**Bankruptcy No. 82–02916K. Adv. No. 82–2979K.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 31, 1983.

Howard Gershman, Blue Bell, Pa., for plaintiff.

Richard H. Anderson, Media, Pa., for debtor/defendant.

James J. O'Connell, Phila., Pa., trustee/defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This matter comes before the Court on the complaint of Girard Bank seeking relief from the automatic stay. The debtor filed an answer raising preliminary legal matters which must be decided prior to any determination concerning the termination of the stay. After discussion of these matters, the Court will set the matter for trial on the complaint.[1]

The case was set for hearing on December 14, 1982. At that time, the parties appeared and informed the Court that the case could be decided on briefs. Memoranda of law were duly filed, however, the Court does not find the issues discussed therein to be fully dispositive of the case.

The complaint of Girard Bank requested the Court to grant relief from the automatic stay, consolidate two (2) bankruptcy proceedings, and to disallow the exemptions claimed by the debtor. These two (2) latter issues are not properly before the Court.

In an automatic stay proceeding, the Court must limit itself to a narrow frame of inquiry. While no direct position on the matter is taken in section 362, other than by inference from the brief time periods of section 362(e), the legislative history is quite clear. The comment to section 362(e) states, in part:

> At the expedited hearing under subsection (e), and at all hearings on relief from the stay, the only issue will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from the stay.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 344 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 53, 55 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5841, 6300.

On the basis of this authority, the Court will dismiss the complaint of Girard Bank insofar as it requests the Court to entertain objections to exemptions or to substantively consolidate the two (2) estates. These matters are not appropriately raised in an adversary proceeding; rather, an appropriate pleading should be filed in the bankruptcy case. The instant complaint is a separate and distinct proceeding which does not involve any aspect of the general administration of the case.

Now we turn to a discussion of such issues as are properly before the Court. No evidence or stipulation of facts has been presented to the Court to delineate these issues. The only legal issue raised in the memoranda of law filed by the parties concerns the validity of the mortgage held by Girard Bank. This issue will be addressed in the remainder of the Opinion. The trial on the complaint will be rescheduled to allow counsel to raise such further matters as they deem necessary and appropriate.

In the answer to the complaint, the debtor admits that the mortgage was executed and recorded. The debtor, however, denies the validity of the mortgage. The acknowledgment on the mortgage is allegedly improper and, therefore, Girard should not be

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

entitled to rely on this mortgage as granting a perfected security interest.

Although the debtor has raised an interesting argument, the Court finds that the debtor is estopped from raising this technical defect in the mortgage. The recording act only serves to protect third parties. *Duff v. Patterson,* 159 Pa. 312, 28 A. 250 (1896); *Tate v. Clement,* 176 Pa. 550, 35 A. 214 (1896); *Davis v. Monroe,* 187 Pa. 212, 41 A. 44 (1898). A mortgage is always enforceable against the makers, regardless of technical defenses which could be asserted by third parties. *Girard Trust Co. v. Baird,* 211 Pa. 41, 61 A. 507 (1905); *In re Fortescue,* 122 F.Supp. 883 (E.D.Pa.1954). Once the mortgagor has received the consideration for the granting of the mortgage, he is estopped from claiming that the acknowledgment is faulty. *Adam v. Mengel,* 8 A. 606 (Pa.1887); *In re Hogan's Estate,* 181 Pa. 500, 37 A. 548, 549 (1897).

In conclusion, we find that Girard Bank holds a valid mortgage lien on the property located at 747 Bennington Street, Folcroft, Pennsylvania. Therefore, the Court will deny the debtor's request to dismiss the complaint and set the matter for trial.