## W. J. CAVIN AND G. M. D. GRIGSBY v. W. T. HILL.

### No. 3110.

1. **Pleading—Cause of Action—Specific Performance.**—The petition set up facts entitling plaintiffs to specific performance of a contract for sale of certain lands situated in the county where suit was brought. These allegations were followed by allegations as in an action of trespass to try title for same land. The defendant resided in another county. *Held:*

1. The character of the suit is determined by the specific facts alleged, and the general allegations are subordinate thereto, for which reason the suit must be deemed one for specific performance.

2. No agreement that the contract should be performed in the county where suit was brought being alleged, the venue can not be sustained on ground that the action is for the recovery of land.

2. **Plea in Abatement.**—A plea in abatement must be tested by its own averments, and can not be aided by other parts of the record.

3. **Same.**—A plea in abatement urged by a defendant claiming that suit should have been brought in the county of his residence is defective unless it distinctly negatives the existence of any of the statutory exceptions which might be applicable and if alleged would confer jurisdiction.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.
The opinion states the case.

*C. A. Culberson,* for appellants.—1. The suit being in part one of trespass to try title to land lying in Dallas County, the court had jurisdiction to try at least that feature of the case. Rev. Stats., art. 1198, sec. 13.

2. The plea failing to negative the exception to the general rule fixing the venue in Eastland County, it was insufficient under the general demurrer.

3. The suit in one of its features being upon a written contract alleged to have been executed by the appellee, not denied under oath by him, the plea should have alleged that said contract was not to be performed in Dallas County. Crawford v. Carothers, 66 Texas, 199; Rev. Stats., art. 1198, sec. 5; Stark v. Whitman, 58 Texas, 376; Railway v. Cockrill, 72 Texas, 613. This character of written contract is within the meaning of the statute. Durst v. Swift, 11 Texas, 273.

No brief for appellee reached the Reporter.

MARR, JUDGE, *Section A.*—The appellants' counsel makes the following statement of the case:

"This is a suit instituted by the appellants against the appellee in the District Court of Dallas County. This suit is twofold in character, being an action of trespass to try title to real property situated in the city of Dallas, and also to enforce specific performance of a written contract alleged to have been entered into by appellee with appellants to convey said real property to appellants. The petition states a good case upon each theory, and alleges that appellants reside in Dallas County and the appellee in Eastland County, Texas.

"The appellee pleaded to the jurisdiction of the court by sworn plea in abatement, in which he alleged that he resided in Eastland County, and not in Dallas County; and that the allegations in the petition by which appellants sought to recover by trespass to try title were untrue, and appellee believed fraudulently made to confer jurisdiction upon the court. This plea did not deny that the written contract sued upon was to be performed in Dallas County, nor did it negative any of the exceptions to the general rule that appellee could only be sued in the county of his residence," etc.

Appellee's counsel also filed a special exception to the venue of the suit, claiming that the petition did not state any facts that would authorize the suit against the appellee without his consent in a county other than that of his residence; but it does not appear that this exception was called to the attention of the court—at least the court did not act upon it in any way, so far as the record discloses. The appellants demurred generally, and specially to the plea in abatement upon the following grounds, in effect:

"1. Because the same was waived on account of non-action thereon during the term of the court at which the same was filed.

"2. The plea fails to negative all facts which, if alleged by the plaintiffs, would give jurisdiction."

The court overruled these exceptions, and having heard the evidence upon the plea in abatement, sustained the same and dismissed the suit at the costs of the appellants.

Had the special exception of the appellee above noted been presented to the court and sustained, then we think that the ruling would have been correct, for the reason that the petition does not allege that the defendant agreed to perform the contract in Dallas County, and for other reasons which will hereinafter appear. As the case is presented in the record, however, we can only inquire into the correctness of the court's action upon the plea in abatement. It does appear that this plea was not acted upon during the term at which it was filed, and the defendant, therefore, would be deemed to have waived the question, unless "the business of the court" caused the delay, or unless the matter "was passed by agreement of the parties," etc. Rev. Stats., art. 1269; Rule 24 for Dist. Courts. Whether either of these exceptions to the general rule exists in the present instance we are not informed by the record, and therefore we pretermit the question of waiver or abandonment of the exception and plea to the jurisdiction as interposed by the defendant.

The appellants' counsel contends that the court erred in dismissing the suit, not only for the reason that the plea in abatement was fatally defective, but because also, as he claims, the suit is one of trespass to try title to land as well as for specific performance, and therefore the court had unquestionably jurisdiction of that branch of the case.

We can not agree with counsel that the suit is of a "twofold" or dual character, in legal contemplation, or that "the petition states a good case upon each theory." Tested by the averments of the petition, we think that the sole and manifest purpose of the suit is to compel the defendant to specifically perform a written contract for the sale of certain land to the plaintiffs. Such a suit should be brought in the county of the defendant's residence (Hearst v. Kuykendall, 16 Texas, 327; 59 Texas, 573), unless he has agreed in writing to perform the contract in some other county. Durst v. Swift, 11 Texas, 273; Rev. Stats., art. 1198, sec. 5.

In the first part of the petition the plaintiffs allege that the defendant entered into a written contract with them for the sale of certain real estate in the city of Dallas, whereby the defendant bound himself upon certain terms, which are specified, to convey the lands to the plaintiffs, etc. A breach of the contract upon the part of the defendant is also alleged, as well as the ability and willingness of the plaintiffs to perform all of their obligations under the contract. In the next place, the petition contains the ordinary and general allegations of a petition in trespass to try title, claiming that on the day following the date of the contract the plaintiffs were in possession of the land in dispute, "holding the same in fee simple," etc. Then follow allegations

which set up the same contract for the purchase of the land as is previously described in the petition, except that in this place it is alleged that the plaintiffs made the contract with certain agents of the defendant instead of with him personally, etc. The prayer is for a judgment for the possession of the land, and for a specific performance of the contract before described.

It is an elementary rule of pleading that specific allegations will control those of a general character. It is also well settled that if either party pleads (even when not bound to do so) his right or title specially, he will be bound thereby, and must be confined to the proof of the facts thus specifically alleged, for the reason that he has thus notified his adversary of the exact nature and extent of his claim. It is likewise the established doctrine in this State that under the general averments of a petition in trespass to try title the plaintiff can not have special equitable relief, such as the reformation of deed on the ground of mistake, etc., without distinctly alleging the facts upon which he relies, in addition to the usual averments in ejectment. See on this whole subject, Watts v. Howard, 77 Texas, 71; Nye v. Gribble, 70 Texas, 458; Mann v. Falcon, 25 Texas, 277; Keller v. Hollingsworth, 78 Texas, 653; 45 Texas, 424.

It is apparent from the petition itself, as we have already intimated, that the only right or title to the land in question which the plaintiffs claim is such, if any, as they derived through the contract of sale, which is made the basis of this action, and that to establish and have performed that contract is the real and sole purpose of the suit. We regard the allegations of plaintiffs' seizin and title otherwise, and of the trespass by the defendant, as mere surplusage. The character of the suit is determined as a matter of law by the facts stated in the petition, and not by the indorsement thereon. Any other view of this petition would place the plaintiffs in inconsistent and untenable positions, for if they already own the land in fee simple the defendant could not be compelled in equity to specifically perform the contract for the conveyance of the land. We are therefore of the opinion that the jurisdiction of the court can not be maintained upon the ground that the suit is one "for the recovery of land." We think, however, that the court below erred in *not* sustaining the appellants' special exception to the plea in abatement. The plea is fatally defective, because it does not negative the existence of any of the statutory exceptions which might be applicable, and if alleged would have conferred jurisdiction. It does not even aver that the contract was not to be performed in Dallas County. We have heretofore held that a plea of this character must be tested by its own averments, and can not be aided by other parts of the record. We made that decision in deference to multiplied authorities, and regard the question as no longer an open one. Burchard v. Record, 17 S. W. Rep., 240, and cases cited.

It is also assigned as error, that the court erred in permitting the defendant, upon the trial of the plea in abatement, to prove that the plaintiffs had never been in the possession of the land, but that it had been continuously in his own possession through tenants all the time. We think that this evidence was admissible upon the issue then before the court, as the court must have considered the petition as being in part for the recovery of land. The evidence tended to support the defendant's plea that the allegations of trespass to try title had been made solely for the purpose of giving jurisdiction and without any legal foundation or reasonable grounds for the same. If the plea in abatement were sufficient under the law, we would not be justified in disturbing the findings of the court under the evidence offered in support thereof; but as the plea is clearly bad on demurrer, we think that, on account of the action of the court in overruling the exception thereto, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*