CAPPS et al. v. EDWARDS. (No. 835.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 30, 1915. Rehearing Denied Nov. 27, 1915.)

1. VENUE ⬸5—NATURE AND FORM OF ACTION—PERSONAL OR IN REM.

Where plaintiff entered into a contract with defendant for the sale of land, plaintiff delivering to defendant at the execution of the contract a deed to the land, an action by plaintiff for the foreclosure of a vendor's lien, based

on the assumption that defendant had accepted the deed, was not an action for specific performance, and thus personal in its nature, so as to require the action to be brought in the county of defendant's residence, but was an action in rem, which could properly be brought in the county in which the land was situated.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4–11; Dec. Dig. ⊕⟞5.]

2. VENUE ⊕⟞5—PLACE OF TRIAL—FORECLOSURE.

Rev. St. 1911, art. 1830, exception 12, providing that action for foreclosure of a mortgage or other lien must be brought in the county where the real estate is situated, applies to the foreclosure of an equitable vendor's lien, as well as to contractual liens.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4–11; Dec. Dig. ⊕⟞5.]

3. DEEDS ⊕⟞208—DELIVERY—INTENT.

Evidence held to require a finding that a deed was not delivered to and accepted by the purchaser with the intent to transfer title.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 625–632; Dec. Dig. ⊕⟞208.]

4. DEEDS ⊕⟞56—"DELIVERY."

The term "delivery," when used in reference to a deed, ordinarily implies acceptance, but a transfer of manual possession of a deed for examination, or other purposes, without acceptance, is merely a tender of the deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 117–123, 125; Dec. Dig. ⊕⟞56.

For other definitions, see Words and Phrases, First and Second Series, Delivery.]

5. DEEDS ⊕⟞65—CONDITIONAL DELIVERY.

Where the purchaser of land at the execution of the contract of sale, stipulating for a merchantable title, received a deed to the land from the vendor with the intention of retaining the same if the abstract exhibited a merchantable title, the delivery and acceptance of the deed were conditional.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 144; Dec. Dig. ⊕⟞65.]

6. APPEAL AND ERROR ⊕⟞934—REVIEW—PRESUMPTIONS.

Where a particular issue in an equitable suit is submitted to the jury by special interrogatories, and all other issues raised and tendered by the pleadings are waived, the appellate court cannot presume, in support of the judgment, that the court found other issues upon the testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3782; Dec. Dig. ⊕⟞934.]

Appeal from District Court, Deaf Smith County; W. H. Russell, Special Judge.

Action by S. B. Edwards against William Capps and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Ocie Speer, of Ft. Worth, for appellants. Carl Gilliland, of Hereford, for appellee.

HENDRICKS, J. S. B. Edwards, of Deaf Smith county, instituted this suit against William Capps and W. C. Forbess, of Tarrant county, and against W. B. Forbess, of the state of Colorado, said suit involving a contract for the sale and purchase of land. On the issue of a plea of privilege, the nature of the cause of action, instituted by Edwards against the appellants, is very much

in dispute, the latter insisting that the action is one of specific performance of the written contract, constituting a personal action, requiring the cause to be litigated in the forum of their residence, the appellee Edwards contending that the contract is one for the sale and conveyance of the real estate, vesting title to the same in the purchasers, and that, with the additional allegations of a delivery of the deed to the purchasers, with a breach of the contract, made the case one of enforcement of a lien upon real estate, coming within the purview of exception 12, art. 1830, Rev. St. 1911, permitting the "foreclosure of a mortgage or other lien" in the county in which the land is situated.

The contract is: "An agreement whereby first parties have sold to second parties the following described land [omitting the description] for the sum of $16,275.00, on the following terms and conditions, viz., $1,275.00 cash in hand paid, the receipt of which is hereby acknowledged, $3,000.00 December 1, 1913"—and providing for successive equal payments annually for each successive year for the balance of the consideration, "all deferred payments to be on or before and to bear six per cent. interest from the date of delivery of deed until maturity." The contract provides that the vendor should furnish, within 60 days, a warranty deed, with "abstract showing a good and merchantable title," and in the event the vendor failed in that respect, the cash payment was to be refunded "in full settlement of all damages." An irrigation plant, then in course of construction, was to be installed, and a certain house was also to be constructed at the earliest possible moment. The appellee alleged that he had delivered the deed and the abstract, and had complied with the contract requiring him to furnish an abstract exhibiting merchantable title, and alleged in that connection:

"That the defendants accepted said deed, kept it, exercised dominion over it, and still had it in their possession."

In the alternative, he pleaded that if there were any defects in the title shown by said abstract, the purchasers, by accepting the deed of conveyance and "retaining and keeping the same, waived any and all defects that said title may have had."

If we interpret properly the contention of appellants, Wm. Capps and W. C. Forbess, applicable to their plea of privilege, it assumes two phases: (1) Appellee's allegations sound in specific performance, and the action was personal; (2) "it is a perversion of terms and a violence to the construction of exception 12, art. 1830 * * * to hold that the present action is for the foreclosure of a mortgage or other lien," so as to give jurisdiction to the district court of Deaf Smith county; that the "mortgage or other lien," mentioned within the exception of the

⊕⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

statute, "obviously mean express contract, and mortgage lien, and not the equitable lien arising against one who originally breaches his written contract to purchase real estate."

[1] Applicable to the first position we do not think the case of Cavin v. Hill, 83 Tex. 73, 18 S. W. 323, invoked by appellants, affords the complete analogy argued; and, when compared to this case, we think there is a marked dissimilarity in the real nature of the actions. Of course the character of any suit must be determined from the facts alleged therein, and there is no magic in words to change its real nature. Cavin v. Hill, supra. In this action appellee first pleaded the contract, a compliance by him, a delivery and acceptance of the deed; and, second, that if there are any defects in the title, as shown by the abstract, the defendants, by accepting the deed of conveyance and retaining the same, waived the defects, in fact, in either phase of his case, always alleging delivery and acceptance of the deed, which, in reality, if there was no express vendor's lien, would pass the whole title. The contract for the land, and the allegations of the petition, referable thereto, place the title in the purchasers, with an alleged breach and an assertion of the lien, with a prayer for foreclosure, which we think does not sound in specific performance to the extent of constituting the cause of action of that nature as to make the action personal and one not in rem. It is true that the contract is proven to obtain the result, but if we concede that only an equitable vendor's lien existed, still the whole title is in the purchasers, according to the pleading; and, on account of alleged breach, the establishment of the lien is sought, as well as the debt, the foreclosure, and the deficiency judgment, in its essentials different from the Cavin-Hill Case, wherein title was attempted to be obtained by the assertion of a certain contract, and the pleador joined the ordinary form of trespass to try title with that of special pleading, and the court said the latter prevailed over the former, and which special pleading was clearly one of specific performance.

[2] As to the second position, asserting that exception 12, article 1830, does not apply, appellants invoking the rule of construction that the language, "other lien," in connection with the word "mortgage" in the statute, means other contractual liens, and not an equitable vendor's lien, the Supreme Court has ruled against the point. Joiner v. Perkins, 59 Tex. 302. An equitable vendor's was involved only in that case, not an express lien, and the court said:

"In this case the allegations in the pleadings are sufficient to show that the vendor's lien has not been waived or abandoned, and if, on the trial, this proves to be the fact, the district court of Lee county has jurisdiction of the case, notwithstanding the fact that the residence of the appellee is in Colorado county."

We think the trial court properly retained the cause.

[3] On the issues of delivery and acceptance of the deed, submitted specially by the court and decided in favor of appellee, appellants assign that the evidence is insufficient to sustain the submission. If we properly apprehend the channel in which the trial court and appellee diverted this cause, and correctly conceive the import and scope of the issues as submitted on the question of delivery and acceptance, and grasp the condition of the record bearing upon said issues, we unhesitatingly agree that the evidence is insufficient to support the actual issues as submitted and found.

The trial court instructed the jury, and submitted the special issues, as follows:

"In determining your answers to the issues you will bear in mind the following definitions of the words 'delivery' and 'acceptance':

"By 'delivery' as used herein, is meant a transfer of the possession of property from the vendor to the vendee, and, when so transferred, from the seller to the buyer, or vendor to vendee, the title vests and he becomes the owner.

"'Acceptance,' as used herein, means the receiving of the possession of the deed with the intention of retaining the same, and having the title vest in the grantee as against the grantor.

"'Conditional delivery and acceptance,' as used herein, means the passing of the deed from the possession of the grantor, but is not to be completed by possession of grantee until the happening of a special event. And if you believe from the evidence that there was a delivery, but that same was conditional [answer] as herein in the negative.

"To be a 'delivery and acceptance,' as used herein, it is not necessary that the actual physical possession of the deed to the land in controversy should have been delivered to the defendants, Wm. Capps, W. C. Forbess, or W. B. Forbess, or either of them, but if said deed was placed under their, or either of their, control in such a manner as that such party had absolute control and dominion over same, with the intention, on the part of both the party delivering and the party receiving the same, that same should be a 'delivery and acceptance' as hereinbefore defined, then such act would constitute a delivery and acceptance as to such party who had such control and dominion over the same, and if such deed was delivered to one of the defendants, for the use and benefit of all of them, and if such defendant, or defendants, had knowledge of such delivery and acceptance by one of the said parties, and the conditions and purposes for which same was delivered and accepted, then such party having such knowledge would be bound by such delivery and acceptance.

"Bearing in mind the foregoing definitions, and instructions, you will answer the following:

"Special issue No. 1. Did S. B. Edwards deliver to the defendant W. B. Forbess the deed from D. L. McDonald to Wm. Capps, W. C. Forbess, and W. B. Forbess, conveying the west half section No. 69, in block M–7, Deaf Smith county, Tex., and did said W. B. Forbess accept same?

"Special issue No. 2. Did the said S. B. Edwards deliver said deed, conveying the above-described land from said D. L. McDonald to Wm. Capps, W. C. Forbess, and W. B. Forbess to W. C. Forbess, and did the said W. C. Forbess accept same?

"Special issue No. 3. Did the said S. B. Edwards deliver said deed conveying the above-described land from D. L. McDonald to Wm. Capps, W. B. Forbess, and W. C. Forbess to

Wm. Capps, and did the said Wm. Capps accept same?

"*Special issue No. 4. Did the said S. B. Edwards deliver said deed to said land to either of the defendants, Wm. Capps, W. B. Forbess, or W. C. Forbess, for the use and benefit of the other defendants, or either of them, and, if so, did such party accept said deed as hereinbefore defined, and did the parties, or either of them, to whom said deed was not delivered afterwards learn of such delivery and acceptance, and the purposes for which same was so delivered and accepted, if so answer: First. To whom was such delivery made, and who made such acceptance, if any one? Second. Which of the defendants, if either of them, afterwards learned of such delivery and acceptance?*"

The jury answered the first three issues affirmatively in favor of Edwards, the appellee, that he delivered the deed to, and the same was accepted by, the parties therein mentioned; and in reply to the fourth issue the jury responded that the deed was delivered to, and accepted by, W. C. and W. B. Forbess, and that Capps afterwards learned of such delivery and acceptance.

The second sentence of the charge of the court on "conditional delivery and acceptance," on account of an evident lapse in language, or clerical error, has been the source of bother. We assume that the trial court charged, or meant to charge, the jury in said second sentence that, if there was a conditional delivery and acceptance of the deed to the grantee, to answer the issues submitted in the negative. The word "answer," in brackets, is inserted by us, and the word "as" should be considered as eliminated, and in that form the instruction on conditional delivery and acceptance has a meaning; otherwise it is meaningless.

[4] The legal term "delivery" when used in reference to a deed, ordinarily implies acceptance. Tate v. Clement, 176 Pa. 550, 35 Atl. 214; but a transfer of manual possession, for examination or other purposes, without acceptance, is merely a tender of a deed. Same case, supra.

It is to be noted the trial court said:

" 'Acceptance,' as used herein, means the receiving of the possession of the deed with the intention of retaining the same, and having the title vest in the grantee as against the grantor."

It is evident to us that the trial court narrowed the issues of delivery and acceptance, and the intention of the parties, to the time of "receiving the possession of the deed." When the jury answered that Edwards delivered the deed to the defendants mentioned in each of the three special issues, and responded that the defendants therein designated accepted said deed, such acceptance necessarily, under the charge of the court, meant the receiving of the possession of the deed, with the intention of retaining the same and having the title vest, at the time received from Edwards in Ft. Worth, and a careful perusal of the whole instruction rather emphasises the limitations of such charge.

[5] The alleged purchasers of this land did not receive this deed at that time with the intention of retaining the same and vesting title then—they received this deed with the intention of retaining the same and having the title vested in them, if the abstract exhibited a merchantable title—hence there could not have been anything, at that time, but a conditional delivery and acceptance, which, if existed, the jury were required to answer in favor of appellants. The appellee, Edwards, testified that he handed the deed, abstract, and notes to one or more of the defendants at Ft. Worth, approximating the date, upon his visit there for that purpose.

Edwards testified that of course he expected the parties to make an examination of the abstract; hence he could not have intended the change of manual possession of the deed to have been anything more than a mere tender of the same for the inspection and examination of the papers. We do not believe we are concerned in the least with the question, which seems to be tendered between the parties in their briefs, whether the testimony is sufficient to show, by subsequent dealings and negotiations between the parties and on account of certain subsequent expressions claimed to have been made, that the purchasers waived the provisions of the contract, and thereafter retained the deed as a conveyance of the land, and by such acts accepted the same. Such an issue was not presented to the jury, and hence is not properly presented to this court.

"A delivery of a deed for inspection, or a delivery to the grantee or his agent to be held while the grantee has under consideration the proposition whether he shall accept it or not, is not a valid delivery." Devlin on Deeds (3d Ed.) § 271, p. 417, and cases cited.

[6] The judge in this case recites that the plaintiff Edwards "dismissed and abandoned in open court all issues raised and tendered by his petition save and except those submitted by the above special issues, and the duty of the defendants to pay the plaintiff the purchase money as charged and prayed for in said petition," and the jury were instructed, at the request of both parties, that they could not consider any evidence or testimony with reference to the title to the land for the purpose of determining the intent of the parties in delivering and accepting the deed. We are not concerned on this appeal in the manner of its presentation, whether the abstract exhibited a merchantable or nonmerchantable title; that issue is waived. Neither can we assist the judgment of the court by presuming that he found other issues upon the testimony for the purpose of sustaining said judgment. The appellee and the court have narrowed the issues and abridged our power in that respect, even if we were to consider the sufficiency of the evidence to sustain the judgment on the presumptive finding of the court on other issues.

We have repeatedly and carefully read this statement of facts, and are confining the

scope of this opinion entirely to the issues as submitted and the evidence as bearing upon the same, upon the question of sufficiency. We note, of course, the testimony of Edwards of a remark that was made in the restaurant at Ft. Worth by one of the parties to him to sell the land at $65 per acre. The abstract had not been examined, and the parties had a right to presume that they were getting a good title to the property. Of course it is true that subsequent manifestations and subsequent acts may sometimes be referable to an antecedent condition for the purpose of proving intention and a mental attitude at such previous time, but without an analysis in detail of our reasons, and the testimony, we are convinced that at the time the deed, abstract, and notes were handed by Edwards to the defendants at Ft. Worth, the parties did not consider, nor intend, an unconditional delivery and acceptance of the deed.

In view of this discussion, the ruling upon other assignments becomes immaterial.

The case is reversed and remanded.