## HOOSER v. FORBES.

No. 980.

Court of Civil Appeals of Texas. Waco.

Dec. 4, 1930.

Webster Atwell, of Dallas, for appellant.

J. E. & B. L. Bradley and Mr. & Mrs. O. S. Bradley, all of Groesbeck, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by appellant, John W. Hooser, from an order overruling his plea of privilege to be sued herein in the county of his residence. Appellee, W. L. Forbes, instituted this suit against appellant in the district court of Limestone county, and for cause of action alleged that he and appellant had entered into a contract for the sale by him and the purchase by appellant of certain oil and gas interests and estates in and to certain lands situated in said county and certain personal property in use in connection therewith; that he had complied with all the requirements imposed upon him by the terms of said contract, and had ten-

dered to appellant good and sufficient conveyances of said interests, estates, and personal property, but that appellant had failed and refused to accept the same and pay the stipulated consideration therefor, which he alleged to be the sum of $15,890; that by reason of the premises he held in law an implied vendor's lien to secure the payment of said sum on said lands and estates. He prayed for judgment against appellant for said sum of $15,890 and interest thereon and for foreclosure of such lien. Appellant interposed a plea of privilege to be sued in the county of his residence. Said plea was duly controverted by appellee. He alleged in his controverting affidavit that this suit was brought and prosecuted for the purpose of recovering a judgment against appellant for the stipulated purchase price of said properties as aforesaid and for foreclosure of lien upon both the real estate and personal property covered by said contract, and that all the same were situated in Limestone county. He claimed jurisdiction in said court under the provisions of section 12 of article 1995 of the Revised Statutes, which reads as follows: "A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

Appellant presented a general demurrer to said controverting affidavit, which was overruled. The court thereupon heard evidence on the issue so raised, and overruled appellant's plea of privilege. Hence this appeal.

## Opinion.

■ Appellant presents as ground for reversal of the order appealed from a single proposition. He contends therein, in substance, that a suit by the vendor to enforce specific performance by the vendee of a contract for the purchase of real estate is a personal action, and must be brought in the county of the vendee's residence, even though the property so purchased is situated in the county in which suit is brought and the vendor asserts an implied vendor's lien thereon to secure the purchase money and seeks foreclosure thereof in such suit. Appellant does not controvert the fact that the contract upon which this suit is based provides for the conveyance of an interest in lands. Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 256, 254 S. W. 296, 299, 29 A. L. R. 607; Stephens County v. Mid-Kansas O. & G. Co., 113 Tex. 160, 167, 254 S. W. 290, 292, 29 A. L. R. 566. Such being the case, and there being no contention that appellee waived the same, an equitable lien upon such real estate accrued to him to secure the stipulated purchase money. Briscoe v. Bronaugh, 1 Tex. 326, 330, 46 Am. Dec. 108; Joiner v. Perkins, 59 Tex. 300, 302. Specific performance is granted in favor of a vendor of land as freely as in favor of a vendee. The relief actually obtained in such cases is the recovery of the purchase price, and equity allows a foreclosure of the implied lien upon the property involved to secure the same. Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287, 291; 5 Pom. Eq. Jur. p. 4875, § 2169; Id., p. 5071, § 2285. The right of the vendor to a foreclosure of such lien is material, and, in case of the insolvency of the vendee, essential to full and complete relief. We quote from Gambrell v. Tatum, supra, page 291 of 228 S. W., as follows:

"It is, however, settled that specific performance is granted in favor of the vendor, though the relief actually obtained by him is usually only a recovery of the purchase money. * * * In this case, however, the vendor, by his petition has declared on his alternative remedy for the foreclosure of his lien, as vendor. He has, according to the allegations, performed all of the conditions required of him and tendered his deed. A decree of specific performance would vest the title in the vendee, but the law would give an equitable lien on the land for the purchase money. Joiner v. Perkins, 59 Tex. 302; Capps v. Edwards [Tex. Civ. App.] 180 S. W. 138; Sanderson v. Wellsford, 53 Tex. Civ. App. 637, 116 S. W. 382."

The court in that case held that the vendor's action to recover a portion of the purchase price placed in escrow pending consummation of the transaction, and, in the alternative, for foreclosure of his vendor's lien, was properly brought in the county in which the land was situated under the provisions of subdivision 12 of article 1995 of the Revised Statutes above quoted. See, also, in this connection, Joiner v. Perkins, supra; Capps v. Edwards (Tex. Civ. App.) 180 S. W. 137, 139 (cited by the court in the excerpt above quoted); Ruhmann v. Mahoney (Tex. Civ. App.) 288 S. W. 606; Chenowth v. Beckham (Tex. Civ. App.) 297 S. W. 863; Houston National Exchange Bank v. De Blanc (Tex. Civ. App.) 247 S. W. 897, 900, par. 1; McAllen Café v. Chris Automatic Dishwasher Co. (Tex. Civ. App.) 9 S.W.(2d) 753, 754, pars. 2 and 3.

■ There is not, in our opinion, any conflict between the authorities above cited and Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Miller v. Rusk, 17 Tex. 170, 171; Cavin v. Hill, 83 Tex. 73, 18 S. W. 323, 324, and other cases following the same, cited and relied on by appellant. The character of a case with respect to the application of our venue statutes, or otherwise, must be determined by the facts alleged, the rights asserted thereunder, and the relief prayed for. There is, we think, a material difference between the rights asserted and the relief appropriate in an action by the vendor to enforce specific performance and an action by the vendee for such enforcement. All the cases cited by appellant are cases in which enforcement was

sought by the vendee. The court, in Hearst's Heirs v. Kuykendall's Heirs, supra, merely held that a suit by the vendee for the specific performance of contract for the sale of lands and to secure a deed thereto did not constitute a suit for the recovery of such lands. We quote from the opinion in that case (page 329 of 16 Tex.) as follows:

"An action for the recovery of lands has a well known and definite signification, and means an action of ejectment, trespass to try title, or a suit to recover the land itself; whereas the object of a suit by vendee, for specific performance, is not the recovery of the land itself, but to enforce a contract for its sale, and the delivery of a deed or title for the land. * * * To secure title deeds to land is one thing; to recover the land itself is another."

The court, in Miller v. Rusk, supra, announced and applied the same rule. The plaintiffs in Cavin v. Hill, supra, sought to avoid the holding of the court in those cases on the issue of venue by including in their petition, in addition to a count for specific performance, a formal count in trespass to try title. They followed the same, however, by allegations basing their right to recover on the contract of purchase so alleged. We quote from the opinion in that case as follows:

"It is an elementary rule of pleading that specific allegations will control those of a general character. * * * It is likewise the established doctrine in this state that, under the general averments of a petition in trespass to try title, the plaintiff cannot have special, equitable relief. * * * It is apparent from the petition itself, as we have already intimated, that the only right or title to the land in question which the plaintiffs claim is such, if any, as they derived through the contract of sale which is made the basis of this action, and that to establish and have performed that contract is the real and sole purpose of the suit. We regard the allegations of plaintiffs' seizin and title otherwise, and of the trespass by the defendant as mere surplusage. The character of the suit is determined as a matter of law by the facts stated in the petition, and not by the indorsement thereon. Any other view of this petition would place the plaintiffs in inconsistent and untenable positions, for, if they already own the land in fee-simple, the defendant could not be compelled in equity to specifically perform the contract for the conveyance of the land. We are therefore of the opinion that the jurisdiction of the court cannot be maintained upon the ground that the suit is one 'for the recovery of land.'"

The clear and comprehensive reasons given by the court in that case for holding that a vendee's suit for specific perform-

ance is not a suit for the recovery of land within the meaning of our venue statutes have no application in determining the issue of venue in a suit by a vendor on a contract for purchase for the recovery of the stipulated consideration and for foreclosure of his equitable lien to secure the payment of the same. None of the necessary allegations in such a suit are formal, immaterial, or inconsistent. We have heretofore shown that the vendor's right to a foreclosure of his equitable lien is material and possibly essential to the full measure of relief accorded him by the law. We therefore hold, under the line of authorities first cited herein, that appellee's suit was one for the foreclosure of a lien upon land, and that venue was properly laid in Limestone county, where such land is situated.

The judgment of the trial court is therefore affirmed.