## HAMILTON v. BOOHER.

### No. 4972.

Court of Civil Appeals of Texas. Amarillo.
Jan. 16, 1939.

John Vickers and Vickers & Campbell, all of Lubbock, for appellant.

L. A. Howard and Chas. Nordyke, both of Lubbock, for appellee.

STOKES, Justice.

This is an action for damages filed by appellee, J. R. Booher, in the county court of Lubbock County against appellant, J. B. Hamilton, for the alleged breach of a rental contract entered into by the parties in

August, 1936. The record shows that appellant is, and was at the time the alleged contract was entered into, a resident of Grayson County and that appellee is a resident of Lubbock County where the land involved is situated. The negotiations arose through a personal visit made to appellant in Grayson County by appellee and a conversation had between them in which it was agreed that appellee would rent the land for the ensuing year provided it was satisfactory after an inspection by him. He returned home, inspected the land, and by letter informed appellant, in effect, that he would rent the land. Appellant replied to this letter, implying, in substance, that appellee was satisfactory to him as a tenant and the conversation and letters constituted the contract between them. One Gilliland had been renting the land for a number of years and was then in possession as tenant for the year 1936. Appellant made an effort to induce Gilliland to give up the land at the end of the year and, upon his refusal to do so, appellant filed in a justice court of Lubbock County a suit of forcible entry and detainer against him which, upon a trial before a jury, resulted in a verdict in favor of the tenant, Gilliland.

Appellee alleged facts sufficient to show that by reason of his failure to procure possession of and cultivate the land for the year 1937, he had been damaged in the sum of $975.

Appellant filed a plea of privilege in the usual form, setting up his residence in Grayson County, and praying that the venue of the cause of action be transferred to the county of his residence. The plea of privilege was duly controverted and, upon a hearing, the court deferred passing upon the plea of privilege and heard the entire case which was tried by the court, without the intervention of a jury. At the close of the trial a judgment overruling the plea of privilege and granting judgment in favor of appellee in the sum of $900 was entered.

Appellant duly excepted to the judgment and has perfected an appeal to this court upon a number of assignments of error, the first of which challenges the correctness of the judgment overruling his plea of privilege.

Art. 1995, Sec. 5, R.C.S., 1925, as amended by the 44th Legislature, c. 213, Vernon's Ann.Civ.St. art. 1995, subd. 5, reads as follows: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

As stated by Chief Justice Johnson, speaking for the Texarkana Court of Civil Appeals, in the late case of W. T. Rawleigh Co. v. Karnes et al., 103 S.W.2d 431, 432: "The language of the amendment of subdivision 5 leaves no room for construction, it clearly conveys but the one expressed meaning, that the contract 'by such writing,' must expressly state the particular county or place therein where the obligation is to be performed."

It is not shown that either in the letters, which constituted the written portion of the contract, or in the conversation between the parties in Grayson County, appellant agreed to perform the rental contract in Lubbock County. Prior to the amendment above quoted, it was held not to be imperative that the contract by express terms should provide for its performance in a particular county, but was sufficient if the legal effect of the instrument was that it should be performed in the county where the suit was filed. The effect of the amendment was to change the law in that respect and, under the law as it now exists, no matter what the legal effect of the instrument may be, an action upon it cannot be maintained in any county other than that of the defendant's residence, in face of a competent plea of privilege, unless the writing itself expressly names such county or a definite place therein where the obligor agrees to perform the obligation; provided, of course, it does not fall within some of the other exceptions stipulated in the various subdivisions of the statute.

Appellee contends that the nature of the contract was such that it could not be performed in any county other than the one in which the land was located because it was for the breach of a contract to place him in possession of the land and that obviously the physical act of placing him in possession thereof could not be performed at any place other than upon the land itself, which was located in Lubbock County. We cannot agree to this contention. The same reasoning would require that suits for specific performance of contracts could, regardless of the amendment to Subdivision

5 of Art. 1995, be maintained in the county where the land involved was located, yet the courts have consistently held that suits for specific performance of contracts cannot be maintained in any county other than the county of the defendant's residence in the absence of allegations and proof bringing them within one of the exceptions provided by statute. Cavin et al. v. Hill, 83 Tex. 73, 18 S.W. 323; Lucas v. Patton, 49 Tex.Civ.App. 62, 107 S.W. 1143.

██ It is further contended by appellee that venue of the case was properly laid in Lubbock County because the suit was essentially based upon a trespass in that, by failing and refusing to deliver to him possession of the land which he had rented from appellant for the year 1937, appellant committed, in Lubbock County, a trespass upon a property right which appellee owned in the rented land. The record shows no act of appellant that could be construed as a trespass. If it may be said that the former tenant, Gilliland, committed a trespass against appellee by depriving him of the land which he had rented for the ensuing year, such a trespass could not be charged to appellant unless in some manner he participated in it or was a party to it. The record not only fails to show such participation by appellant, but it shows that he did everything he reasonably could do to deliver possession to appellee at the time he was entitled to it under the contract. We, therefore, cannot agree with appellee that the case comes under Subdivision 9 of Art. 1995, which makes an exception as to venue in a suit based upon a crime, offense or trespass. McCauley v. McElroy, Tex.Civ.App., 199 S.W. 317.

██ The action is plainly one for damages against appellant for breach of a rental contract and in no sense involves the title to the land which appellee alleges he rented from appellant. Appellant not having agreed in writing to perform the contract in Lubbock County, the cause of action does not come within any of the exceptions permitting it to be brought in any county other than the county of his residence. It follows that the trial court erred in overruling appellant's plea of privilege. Lockett et al. v. Shaw et ux., Tex.Civ.App., 106 S.W.2d 768, and authorities there cited.

The disposition which necessarily must be made of the case, in view of our holding as error the order and judgment of the court overruling the plea of privilege, makes it unnecessary to pass upon any of the other assignments of error.

Being of the opinion that reversible error was committed in the respects discussed, the judgment of the trial court is reversed and the cause remanded to that court, with instructions to sustain the plea of privilege and transfer the cause of action to the county court of Grayson County.