## O'QUINN v. DUNAGAN et al.

### No. 4685.

Court of Civil Appeals of Texas. El Paso.
Oct. 26, 1949.

Rehearing Denied Nov. 23, 1949.

E. B. O'Quinn and Norman C. Davis, Marfa, for appellant.

Cantey, Hanger, McKnight & Johnson, Fort Worth, Brian Montague, Del Rio, S. M. Swearingen, Marfa, Warren Scarborough, Fort Worth, Nat. J. Harben, Fort Worth, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Presidio County sustaining a plea of privilege and ordering venue of this cause changed to Tarrant County, Texas.

Appellant E. B. O'Quinn sued appellees John C. Dunagan and others for breach of contract, for failure to convey to him certain lands in Presidio and Jeff Davis Counties totaling some 55,000 acres or more. Each and all of the appellees filed pleas of privilege; appellant filed a controverting affidavit to each plea. Appellant invoked several Sections of Article 1995, but here relies upon Sections 5 and 14 as sustaining the venue. Sections 5 and 14 are as follows:

"5. Contract in writing. If a person has contracted in writing to perform an obligation in a particular county, [expressly naming such county, or a definite place therein, by such writing], suit [upon or by reason of such obligation] may be brought [against him], either in such county or where the defendant has his domicile. (As amended Acts 1935, 44th Leg. p. 503, ch. 213, Sec. 1)

\* \* \* \* \* \*

"14. Lands. Suits for recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or part thereof, may lie."

It is thought necessary to set out at length the contract relied upon by appellant. However, the description of the property will be omitted.

"The State of Texas.
County of Presidio.
Parties:

By This Agreement and Contract the First National Bank of Fort Worth, Texas, Trustee, in and under that certain Trust agreement dated Dec. 31, 1944, between Jno. C. Dunagan and wife, Ada Hicks Dunagan, to said Bank as Trustee, recorded in Vol. 119, page 271, Presidio Co. Deed Records, and Jno. C. Dunagan, individually, of Ward Co., Texas, hereinafter called Sellers, hereby sell and agree to convey to E. B. O'Quinn, of Presidio Co., Texas, purchaser, the following described property: Lying and situated partly in Presidio Co., Texas, and partly in Jeff Davis Co., Texas, to-wit: (Description of property omitted) at and for the consideration or purchase price of Four Hundred Forty Eight Thousand, Seven Hundred Thirty & no/100 Dollars ($448,730.00). (Of the aggregate purchase price of $448,730.00 it is agreed that the sum of $119,040.00 is the purchase price of the first 31 sections listed on page one hereof.) the purchase price is $448,730.00, payable as follows:

"Terms:

"$448,730.00 Cash (of which Purchaser has deposited with the sellers the sum of $1,000.00 as part payment, receipt of which is hereby acknowledged by sellers, the balance of said purchase price, to-wit, balance of $447,730.00 to be paid to sellers by buyer, in cash, upon the sellers complying with all of the terms and conditions of this con-

tract herein provided to be kept and performed by them, and upon sellers furnishing abstracts and good merchantable record title, free of all liens and incumbrances to said lands and properties herein contracted to be sold, in said sellers, and executing and delivering to buyer a good and valid general warranty deed conveying said properties to buyer, by a good, merchantable record title, free of all liens and incumbrances, conveying both surface and minerals except those minerals heretofore reserved or conveyed by reservations or deeds thereof now of record.

"Seller agrees to furnish complete abstracts of title, to said property within sixty days after date of this contract, which shall be conveyed free and clear of any and all encumbrances except those named herein.

"Title:

"If abstract is furnished, Purchaser agrees, within SIXTY (60) days from the receipt of such abstract either to accept the title as shown by said abstract or to return it to the undersigned seller, with the written objections to the title. If said abstract is not returned with the written objections noted within the time specified, it shall be construed as an acceptance of said title.

"If any title objections are made, then the Seller shall have a reasonable time to cure said objections and show good and marketable title. In the event of failure to furnish good and marketable title, the purchase money here receipted for is to be returned to Purchaser upon the cancellation and return of this contract, or Purchaser may enforce specific performance of same.

"Closing:

"Seller agrees, when the title objections have been cured, to deliver a good and sufficient General Warranty Deed properly conveying said property to said Purchaser, and Purchaser agrees, when said deed is presented and this contract complied with, to pay the balance of the cash payment herein provided for. Should the Purchaser fail to consummate this contract as specified for any reason, except ti-

tle defects, Seller shall have the right to retain said cash deposits as liquidated damages for the breach of this contract, or Seller may enforce specific performance of this contract.

"Taxes:

"Taxes for the current year, and current rents, insurance, and interest (if any), are to be prorated to date of closing. The Travelers Insurance Company of Hartford, Conn., is making a loan of $300,000.00 to said E. B. O'Quinn on said property.

"Special Conditions:

"It is understood that $300,000.00 of this purchase price is to be advanced and paid by said Company on its loan of that amount to said E. B. O'Quinn, and that reasonable time is here granted and is to be granted to give said Insurance Company, which is The Travelers Insurance Company, of Hartford, Conn., opportunity to examine the title to said property and close its said loan and pay over its said part of said consideration, within the time herein granted for acceptance of said title, or reasonable time therefor, for said Company to complete the said loan. Said loan for $300,000.00 having been heretofore committed by said Company.

"Executed in triplicate this 12th day of June, 1947.
"Jno. C. Dunagan.          Jno. C. Dunagan,
                                              Seller.
                          "The First National Bank of
                          Fort Worth, Texas, Trustee in
                          and Under That Certain Trust
                          Agreement, dated Dec. 31, 1944,
                          between Jno. C. Dunagan &
                          Wife, Ada Hicks Dunagan and
                          Said Bank, as Trustee, record-
                          ed in Vol. 119, pages 271 et
"(Corp. Seal)             seq of Presidio Co. Deed Rec-
                          ords.
                          By J. H. Brooks, President.
                                  Trust Officer
"By Andrew P. Fuller, Asst. Cashier.
"E. B. O'Quinn,           E. B. O'Quinn
                               Purchaser."

■ It is elementary that the sections relied upon and heretofore copied depend entirely, so far as venue is concerned, on the nature and character of the cause of action asserted and relief sought. Of course this is aside from the residence of the parties. Lone Star Mutual Life Ass'n v. Bruno, Tex.Civ.App., 101 S.W.2d 1059, and authorities there cited. The residence of none of the defendants is in Presidio

County. Part of the defendants reside in Tarrant County, and it is agreed by the parties that if venue should be changed the court properly changed same to Tarrant County.

Appellant's petition is somewhat lengthy. It is thought that it is unnecessary to set forth same at length, and that a summary thereof will suffice. John C. Dunagan is averred to reside in Presidio County. The First National Bank of Fort Worth, Texas, is alleged to have its principal office and place of business in the city of Fort Worth in Tarrant County, Texas. Said appellee is likewise sued individually, and it is averred that its principal office and place of business is in Tarrant County. Appellee John Conrad Dunagan and Robert Louis Dunagan are each alleged to reside in Ward County. Several defendants are alleged to reside in Midland County. The following is literally copied from plaintiff's amended petition:

"And for cause of action plaintiff represents to the court that on the Twelfth Day of June, 1947, the said defendants were seized and possessed, in fee simple record title, of the following described lands and premises, to-wit: (Here follows several pages of description of the lands involved.)

"Said above named defendants on said June TWELFTH, 1947, entered into a written contract with plaintiff, E. B. O'Quinn, for the sale of said above described lands and premises by said defendants to said plaintiff at and for the purchase price or consideration of Four Hundred Forty Eight Thousand Seven Hundred Thirty & no/100 Dollars ($448,730.00), wherein the said parties, plaintiff and defendants stipulated, agreed and contracted as hereinafter recited, as will more fully appear by reference to a copy of said contract hereto attached, marked EXHIBIT 'A'" (Contract heretofore set forth is set forth in the petition.)

Appellant avers that he deposited the $1,000.00 required by the contract, and avers the appellees' failure to comply with the contract. Again quoting from the petition: "Plaintiff says that on the 1st day of January, 1948, said plaintiff was and still is the owner in fee simple title, subject only to the performance by the said above named defendants and each of them of each and all of the terms and conditions of the hereinbefore described and quoted contract of sale. * * * That on January 1, 1948, the said E. B. O'Quinn, plaintiff herein, was in possession of said premises and lands and was entitled to the complete possession thereof, he having been on that day and prior thereto placed in complete possession of all of said lands and premises by the said above named defendants, * * *" and further alleges that on or about July 1st, 1948, defendants ejected him therefrom. Appellant fails to aver any performance on his part or tender of performance on his part of the matters required of him save the down payment of $1,000.00; avers the duty of appellees to furnish an abstract of title to the land and their failure so to do; that he was bound, upon their furnishing him the character of title contracted for, to-wit "a good and merchantable record title free of all lien", to pay them the sum of $447,730.00, further that it is and was within the power and ability of defendants to furnish an abstract of title; that appellant had frequently demanded that they so do; that appellees had failed to secure patents to certain lands which is necessary in order to convey to him the character of title contracted for; that before patents could be obtained to unpatented land the payment to the State of $52,615.76 was necessary; that before he was required to pay the price of $447,730.00 appellees were bound to convey to him the land with a good and sufficient record title. Appellant alleges his damages for failure of appellees to comply with the aforesaid contract at the sum of $418,006.00; that had appellees complied with their contract he had contracted to sell certain of these properties to I. G. Yates for the sum of $866,736; that appellees had notice of this fact; that on account of his inability to acquire said land the said Yates withdrew his offer. Actual damages in the sum of $418,006.00 is sought.

Paragraph 22 of plaintiff's petition is as follows: "(22) The plaintiff says that, by

reason of each and all of the matters and allegations in this petition contained, a cause of action has accrued and now exists in favor of this plaintiff against each and all of the above mentioned defendants, including the said trustees above named, for specific performance of said contract, for trespass to try title, and title and possession of all of said above described lands as aforesaid and as relief, and for judgment against each and all of said defendants for the damages, both actual and exemplary, in this petition alleged and sought, and for judgment against each and all of said defendants for the payment of any judgment, which may be rendered in this cause in favor of this plaintiff by collecting such judgment by execution out of any and all properties belonging to said Trust * * * ".

Plaintiff's petition concludes with a prayer of considerable length; specific set forth is sought; recovery of the land is performance of the contract hereinbefore prayed for; recovery of rents and damages is sought; recovery of actual damages for the sum of $473,455.72 is sought; exemplary damages in the sum of $418,-006.00 is likewise sought; general relief is prayed for. It is very clear, construing plaintiff's petition as a whole that the only basis for relief is the failure of appellees to comply with the contract set forth.

▮ It is elementary that the petition fails to show an equitable title in appellant. It may and perhaps does show an equitable right as distinguished from an equitable title.

▮ In determining the nature of a cause of action the court must consider the petition as a whole. Hooser v. Forbes, Tex.Civ.App., 33 S.W.2d 550; Gifford-Hill & Co. v. Hearne Sand & Gravel Co., Tex.Civ.App., 183 S.W.2d 766.

▮▮ The exceptions to Art. 1995 such as Sections 5 and 14 are ordinarily determined by the principal right asserted in the petition and the nature of relief sought. Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894; Page v. Kilgore, Tex.Civ.App., 181 S.W.2d 730. Appellant in his brief fails to cite a single precedent sustaining

his contention that this contract provides that same be performed in Presidio County, relying on Section 5 of the exception to Art. 1995, R.S.1925. The contract does provide in substance that appellees shall convey a merchantable record title, free from encumbrances. It is argued that in order to do this as to part of the land, at least, patents from the State of Texas would have to be recorded in Presidio County. In our opinion the recordation of these patents would be a mere incident to the obligation assumed by appellees in the contract. It might be said that in order to obtain these patents the money would have to be transmitted to Austin. The obtaining of patents was as obligatory as their recordation. It could be just as logically argued that had it been invoked there would have been venue in the District Court of Travis County. There is no merit in the contention that venue is sustainable in Presidio County, by virtue of Sec. 14 of said Art. 1995.

▮ The question posed is, does the petition show the suit for the recovery of land or damages thereto? It is thought elementary that a suit for the recovery of land must aver a legal or equitable title which gives the right to immediate possession. It has been held that a suit for specific performance of a contract to convey lands or for damages for failure to convey land does not come under the exceptive provision of the Statute. Caven v. Hill, 83 Tex. 73, 18 S.W. 323, 324. In Caven v. Hill it is said: "Tested by the averments of the petition, we think that the sole and manifest purpose of the suit is to compel the defendant to specifically perform a written contract for the sale of certain lands to the plaintiffs. Such a suit should be brought in the county of the defendant's residence, (Hearst's [Heirs] v. Kuykendall's [Heirs], 16 Tex. 327; Mixan v. Grove, 59 Tex. 573,) unless he has agreed in writing to perform the contract in some other county. (Durst v. Swift, 11 Tex. 273; Rev.Stat., Art. 1198, par. 5 [Vernon's Ann.Civ.St., art. 1995, subd. 5].) In the first part of the petition the plaintiffs alleged that defendant entered into a written contract with them

for the sale of certain real estate in the city of Dallas, whereby the defendant bound himself upon certain terms, which are specified, to convey the land to plaintiffs, etc. A breach of contract upon the part of the defendant is also alleged, as well as the ability and willingness of plaintiffs to perform all other obligations under the contract. In the next place, the petition contains the ordinary and general allegations of a petition in trespass to try title, claiming that, on the day following the date of the contract, the plaintiffs were in possession of the land in dispute, 'holding the same in fee-simple,' * * * then follow allegations that set up the same contract for the purchase of the land as is previously described in the petition, except that, in this place, it is alleged that plaintiffs made the contract with certain agents of defendant, instead of with him personally, etc. The prayer is for a judgment for the possession of the land, and for specific performance of the contract before described. * * * It is apparent from the petition itself, as we have already intimated, that the only right or title to the land in question which the plaintiffs claim is such, if any, as it derived through the contract of sale which is made the basis of this action, and that to establish and have performed that contract is the real and sole purpose of the suit."

It may be stated here that a careful perusal shows that the sole basis of appellant's claim is the contract in question. The relief sought is that it is for its breach and its specific performance. Under the authority of Caven v. Hill, supra, this is insufficient to sustain the venue in a county other than that of the residence of defendant. In the recent case of Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441, 444, it is said after citing the cases of Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Miller v. Rusk, 17 Tex. 170; Caven v. Hill, 83 Tex. 73, 18 S.W. 323, "In Miller v. Rusk, supra, the court said 17 Tex. at page 172: 'Where the suit is upon a contract, whether it be to compel the specific performance of it, or to recover damages for its breach, it is not a suit for the "recovery of land or damages thereto," and consequently it is not within the exception and rule of the Statute, which requires the suit to be brought in the county where the land lies, though it be not the county of defendant's residence.'" In substance and effect appellant's petition herein affirmatively discloses that he neither has nor claims title to the property he seeks to compel the conveyance of title to him; he likewise seeks damages for the failure of appellees to convey title to the plaintiff.

In his original brief herein the appellant cites the following authorities: Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830; Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307; Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113; Tide Water Oil Co. v. Bond, 135 Tex. 334, 143 S.W.2d 751; Tide Water Oil Co. v. Bean, 138 Tex. 479, 160 S.W.2d 235. The distinction between the cases relied upon by appellant and the case involved lies in the fact that in the case at bar no question of title is involved. Appellant, under his pleading, has no title to the property involved here, but has a right to acquire title. In each and all of the cases he cites it was necessary to their proper disposition to settle a disputed question as to the title to land.

The trial court properly sustained appellees' pleas of privilege. It is ordered that its judgment be in all things affirmed.