Ed E. TRAWEEK and Katherine Helen Kirkeby, a feme sole, Appellants,

v.

O. H. AKE and wife, Esther Elizabeth Ake, Appellees.

No. 5101.

Court of Civil Appeals of Texas.

El Paso.

April 13, 1955.

Bradbury, Tippen & Brown, Abilene, for appellants.

Runge, Hardeman, Smith & Foy, San Angelo, for appellees.

FRASER, Justice.

This is a venue action and is an appeal from the action of the trial judge overruling appellants' plea of privilege. Appellants' place of residence was alleged to be in Taylor County, Texas. The controversy arose from a contract entered into between the parties whereby appellees agreed to buy from appellants a business known as the Reagan Drive-In, at Big Lake, Texas. This contract set up the purchase price, part in cash and part in notes, and provided further that the surface lease on the premises should be transferred or a new lease obtained from the University of Texas. The contract describes the property to be sold as

"buildings, equipment, merchandise, Neon sign; and etc., situated in the town of Big Lake, County of Reagan, State of Texas."

No place of performance is specifically mentioned and the notes mentioned in the contract to be executed were apparently never executed, in any event the contract did not specify the place of payment for either the cash or the notes. There was no real estate involved, other than the mention of the transfer of surface leases.

Appellees sued for rescission and damages.

Appellants filed their plea of privilege and appellees filed their controverting affidavit. After a hearing the trial court overruled appellants' plea of privilege.

■ Our venue statutes provide that the defendant shall be sued in the county of his residence unless he can qualify under one or more of the statutory exceptions. These exceptions to the venue statute such as Subdivisions 5 and 14, art. 1995, Vernon's Ann.Civ.St., which deal with written contracts and matters dealing with an interest in land, are ordinarily determined by the principal right asserted in the petition and the nature of relief sought, and the character of the suit will be determined from the petition. O'Quinn v. Dunagan, Tex.Civ.App., 227 S.W.2d 366; Joy v. Joy, Tex.Civ.App., 254 S.W.2d 810; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930.

■ We do not believe this controversy is one coming under Subdivision 14 as it is primarily one for breach of contract, inasmuch as plaintiffs alleged failure of defendants to perform and asked for rescission and damages, therefore it does not come under Subdivision 14. Umbaugh v. Miers, Tex.Civ.App., 256 S.W.2d 660; Lake v. Reid, Tex.Civ.App., 252 S.W.2d 978.

■ Further, it has been held that a suit for specific performance or rescission of a contract for the sale of land is not within this exception. Of course here we have only a provision calling for the transfer or obtaining of surface leases. Morris v. Runnells, 12 Tex. 175; Mixan v. Grove, 59 Tex. 573; Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327. We therefore hold that this controversy or appellees' position thereunder does not come under Subdivision 14 of Art. 1995, V.A.C.S.

■ With regard to Subdivision 5 it has been held and well established that the writing sued on must expressly name the county where performance is required. Johnston v. Personius, Tex.Civ.App., 242 S.W.2d 471; Nutt v. Cottingham, Tex.Civ. App., 242 S.W.2d 826. The mere fact that the property sold was located in Reagan County or was to be delivered in Reagan County was not sufficient to deprive defendants of their right to be sued in the county of their residence. Hamilton v. Booher, Tex.Civ.App., 124 S.W.2d 184; Johnston v. Bracht, Tex.Civ.App., 237 S.W. 2d 364; Southwestern Peanut Growers Ass'n, Inc., v. Kendrick, Tex.Civ.App., 183 S.W.2d 1019. It has been held that the essential obligation for venue purposes under Article 1995, Subdivision 5, involving a written contract is that of payment, and where no place for payment is specified in the contract no exception to the general rule of domicile is involved. Rorschach v.

Pitts, 151 Tex. 215, 248 S.W.2d 120. This contract does not seem to measure up to the requirements of Subdivision 5 of the venue statute, according to the above authorities, in that no place of payment was specified and no place of performance of appellants' obligation was expressly set out. Appellants' place of residence claim being Taylor County, Texas, was apparently not contested and was established by stipulation.

We think, therefore, that the trial court was in error in overruling appellants' plea of privilege. The decision of the trial court is accordingly reversed, and remanded with instructions to transfer this cause to Taylor County, Texas.