**C. Hunter STRAIN, Appellant,**

v.

**H. F. NEAL, Appellee.**

No. 5272.

Court of Civil Appeals of Texas.

El Paso.

April 2, 1958.

McDonald & Shafer, Odessa, for appellant.

Steve Preslar, McCamey, for appellee.

FRASER, Justice.

H. F. Neal, appellee herein and plaintiff below, sued C. Hunter Strain, appellant-defendant, a resident of Tom Green County, for damages in the 112th District Court

of Upton County, Texas. Upon hearing without a jury, the trial court overruled appellant's plea of privilege. This appeal is from such order.

Appellee has taken the position that this case presents a "damage to land" situation within the meaning of Exception 14, Article 1995, Vernon's Ann.Texas St.

In his petition, plaintiff-appellee alleged that defendant had been operating some sort of rock crusher, or hot mix machine equipped with a huge blower, and that as a result of the operation of this equipment, fine rock dust was blown and spewed on to plaintiff's land, and that such rendered worthless much of plaintiff's grass and turf. Appellee further alleged that this material spewed forth by defendant's equipment coated the grass and settled into the wool of the sheep. These cases must be decided on the basis of a reasonable construction of plaintiff's petition. Here, although it is true that plaintiff, in paragraph 3 of his petition, charges that much of his turf and grass was destroyed, and makes much of the rock dust settling on his land or pasture, still, at the end of the paragraph, he seems to base his damages on injury to his livestock caused by "the destruction of plaintiff's grass as aforesaid." Then, in paragraph 11, plaintiff states that this is an action for damage to land, and says that for that reason venue is in Upton County.

Viewed as a whole, we believe this petition actually is one for damages to livestock, regardless of some of the language used. Conclusions of the pleader, while they have some persuasive value, are not decisive. It is noticeable here and, we think, significant, that while appellee often refers to damages to turf and land, he never asks for monetary reimbursement for such. The only items in his petition are for specific damages to livestock of various kinds and natures, and loss of *use* of land. Nowhere does he specifically ask for any amount of money as "damages to land."

The petition as a whole must be considered in determining the nature of a cause of action. Whether venue is sustainable in county other than that of defendant's domicile, under Exception 14 to the general venue statute, is ordinarily determined by the principal right asserted in the petition and the nature of the relief sought. O'Quinn v. Dunagan, Tex.Civ. App., 227 S.W.2d 366.

We do not believe that appellee here has made sufficient case, either in his petition or testimony, to justify the court in sustaining the suit in Upton County, which is not the residence of the defendant. The statements "damages to land" and the use of the word "turf" do not, we think, change the essential nature of the suit here filed, or the essential nature of the relief sought. Appellee, nowhere, cites or alleges a difference in market value of the land, but only points out that its grazing purposes were damaged or destroyed for about a six-month period. Knight v. Houston & T. C. R. Co., 93 Tex. 417, 55 S.W. 558; Stull's Chemicals, Inc., v. Davis, Tex. Civ.App., 263 S.W.2d 806; Ross v. Paine, Tex.Civ.App., 88 S.W.2d 736; Hooser v. Forbes, Tex.Civ.App., 33 S.W.2d 550; Gifford-Hill & Co., Inc., v. Hearne Sand & Gravel Co., Tex.Civ.App., 183 S.W.2d 766; Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894; Page v. Kilgore, Tex.Civ.App., 181 S. W.2d 730.

The judgment of the trial court is, therefore, reversed and remanded, with instructions that the trial court transfer the cause to Tom Green County.