**FORMAN v. PRINCE.**

No. 12264.

Court of Civil Appeals of Texas. Dallas.
Oct. 10, 1936.

Rehearing Denied Nov. 14, 1936.

Joseph W. Hale, of Waco, for appellant.

Hamilton, Lipscomb & Wood, and Logan Ford, all of Dallas, for appellee.

BOND, Justice.

On May 26, 1934, W. D. Prince, appellee, in his capacity as receiver of Lloyds of Texas, filed suit against Frank Forman,

appellant, in a district court of Dallas county, to recover on the latter's subscription note in the sum of $3,000, title to certain securities, and, in the alternative, to foreclose the pledgee's lien thereon. The note sued upon is as follows:

"Subscription Note     Number #———
          "Amount $3000.00

"Lloyds of Texas     Dallas Texas

"For value received, on demand, I promise to pay to Thomas Investment Co., or their successors, as Attorney-in-Fact, of Lloyds of Texas, at the office of said Attorney-in-Fact, in the City of Dallas, State of Texas, the sum of Three Thousand ——— Dollars ($3,000.00), less any sum or sums hereafter paid by me on account of this note.

"This note is not negotiable, and is made and delivered in accordance with the Articles of Association of Lloyds of Texas, Dallas, Texas, heretofore signed by me, and as a condition of my becoming one of the Underwriters of said Lloyds of Texas. This note is given and intended to be for the protection of the holders of policies of insurance issued by Lloyds of Texas, and is subject to call and demand for payment, either as respects the entire balance due hereon or any part hereof, at any time when in the discretion of the Attorney-in-Fact of said Lloyds of Texas the same shall be necessary for the proper liquidation of my obligation as an Underwriter.

"And this note is made and delivered upon the further express condition that same shall be returned to me when I shall have ceased to be an Underwriter of Lloyds of Texas, as provided for in Articles of Association of Lloyds of Texas and which Articles of Association are hereby declared to be a part hereof.

"Dated at Waco, Texas, this 14th day of December, 1928.

          "[Signed] Frank Forman, Waco,
                              Texas."

In due time, appellant filed plea of privilege in statutory form, to be sued in McLennan county, Tex., the county of his residence; and, appellee filed his controverting affidavit, alleging that the defendant had contracted in writing to perform an obligation in Dallas county, that venue of the cause is properly maintainable in such county, by reason of section 5, article 1995 of the Revised Statutes. The plea of privilege, with controverting affidavit, originally set for October 10, 1934, appellee alleged, was passed by agreement of the parties to a later date, without prejudice to the pending pleas, the date to be thereafter determined by the parties in the event settlement of the controversy was not affected. The plea of privilege and controverting affidavit, after being passed without orders for several successive terms of court, was finally set February 3, 1936.

On January 27, 1936, appellee filed his first amended controverting affidavit in which the subscription note declared on in the suit was set out in hæc verba, whilst in the original affidavit the pleader drew conclusions as to the recitals of the note; whereupon, appellant filed exceptions to the amendment, and answered to the merits of the amendment, in which he challenged the jurisdiction of the district court of Dallas county, to hear and determine the cause of action because of the pendency of a prior suit filed in the district court of McLennan county, involving the same subject-matter and parties as in instant suit, and that any order or judgment made by the Dallas county court would be void; thus, the plaintiff has no cause of action maintainable in Dallas county, the venue of the suit being in McLennan county.

At the hearing, on February 3, 1936, appellee introduced in evidence the subscription note; proved the genuineness of appellant's signature affixed to the note; also, introduced letter passing between the respective parties, showing that the hearing of the plea of privilege had been passed by agreement and without prejudice, to be taken up at a later date in the event the controversy was not settled.

The court overruled appellant's plea of privilege, from which an appeal has been duly perfected.

Appellant seeks a reversal of the order of the trial court, overruling such plea of privilege, on the ground that the present proceeding is abated by the pendency of a prior action, involving the same subject-matter and between the same parties.

In support of appellee's contention, the evidence is undisputed: On June 10, 1930, appellant instituted a suit in the Ninteenth district court of McLennan county, against W. D. Prince, as receiver of Lloyds of Texas, and others, seeking a cancellation of the note and contract here sued upon, and to recover his pledged securities which the receiver seeks in this suit to foreclose a pledgee's lien. The grounds alleged in the McLennan suit for the relief sought are:

That the execution and delivery of said note, contract, and securities was induced by fraud, committed upon him in McLennan county, Tex. Also, the plaintiff in the prior suit sought and obtained an injunction, restraining and enjoining the holders of the note and securities from transferring them pending such suit. The defendant, W. D. Prince, receiver, was served with citation, and, in due time, presented his plea of privilege to be sued in Dallas county, which plea was controverted by the plaintiff. Whereupon, on July 2, 1930, W. D. Prince, receiver, filed in the Forty-Fourth district court of Dallas county an application to enjoin the plaintiff, Frank Forman, from further prosecuting his suit in McLennan county. A temporary injunctive order was granted, and on January 17, 1931, made permanent by the district court of Dallas county. In obedience to the injunction, nothing further was done by the plaintiff in the McLennan county suit; it is now pending in said court.

■■ The question of whether the present proceedings is abated by the pendency of the prior suit, between the same parties and involving the same subject-matter, we think, is not a venue matter, but presents facts of jurisdiction which are only available to the defendant by a plea in abatement, not available in a hearing on a plea of privilege. Manifestly, from the record, the trial court has not passed upon the question of the pendency of the prior suit, as affecting the present suit; and we cannot anticipate what action the court will take on that question, and this court cannot decide on an appeal from the order overruling the plea of privilege; thus, we do not express an opinion on the issue.

■ The venue facts available on a plea of privilege are prescribed by statute; and subdivision 5, art. 1995, R.S.1925, is applicable and appropriate to the controversy here involved and determines the venue facts. The venue facts, as presented, are: (1) An obligation in writing; (2) executed by appellant or by his authority; and (3) to be performed in Dallas county. So, we think the appeal being from an order overruling the plea of privilege, the venue facts prescribed by subdivision 5 controls, and the appellee's evidence meets the test prescribed.

It will be observed that the note declared upon is a conditional obligation; the obligation is to pay thereunder conditioned upon the insolvency of the Lloyds of Texas and the legal "call and demand for payment" by the attorney in fact, or his successor in trust. Appellant assigns as error the failure of appellee to prove the conditions precedent as to make the note a present obligation to pay, which he claims is necessary to confer venue of the suit in Dallas county. We have indicated above the extent to which the testimony went, and upon which plaintiff relied to establish the venue of the suit under subdivision 5, art. 1995, supra.

The note was executed by appellant. Its terms import a valid obligation and an undertaking by appellant to perform that obligation in Dallas county. These facts, of themselves, fix in Dallas county the venue of the action. The insolvency of the Lloyds of Texas and a legal call and demand for payment of the note are matters which go only to the merits of the action, and are tryable in the county where venue is fixed by the express terms of the written obligation. The merits of the case, nor any other matter, are here primarily involved. It was not incumbent upon the plaintiff to prove the existence of the contingencies to make the contract performable in Dallas county. To hold otherwise would, in effect, defeat the very purposes of the venue statute and compel litigants to try their cases upon the merits at a hearing upon a plea of privilege.

■ Appellant further contends that the trial court erred in permitting appellee to file an amended controverting affidavit. This contention is based on the idea that appellee's plea of privilege filed in time was insufficient, in that it failed to set out specifically the fact or facts relied upon to confer venue on the Dallas county court, a conclusion as to the terms and conditions of the note, and the amendment, sufficient to contest the plea of privilege, was filed after the time allowed by statute for filing a contest. We cannot assent to the correctness of the proposition. The original affidavit, we think, was sufficient to contest the plea in the absence of exception, and exceptions being made, the amendment was proper and relates back to and supersedes the original affidavit.

This court has had occasion to pass upon the right of a plaintiff to amend an affidavit, contesting a plea of privilege, in the case of Miller v. Fram (Tex.Civ.App.) 2 S.W.(2d) 1008, 1009, an opinion by Judge Looney, in which was stated: "It has been held in several cases that pleas of privilege are amendable, and that the amendment

relates back to and supersedes the original plea. Beckwith v. Powers (Tex.Civ.App.) 157 S.W. 177; Cobb v. Burt & Co. (Tex. Civ.App.) 241 S.W. 185. This being true, it would be an anomalous situation if controverting pleas could not with equal freedom be also amended."

Finding no error in the action of the court, in overruling the plea of privilege, the case is, therefore, affirmed.

Affirmed.

### On Motion for Rehearing.

We have indicated in the original opinion that the evidence offered on hearing of the plea of privilege and controverting affidavit established venue of the suit in Dallas county, under subdivision 5, art. 1995, R.S., and that it was not incumbent upon appellee to prove other than a written obligation to show liability performable in Dallas county.

■■■ The merits of liability evidenced by a written contract are not necessarily involved on hearing of a plea of privilege. The obligation here contracted to be performed, that is, the payment of money evidenced by the note, is conditioned, among other things, that the Lloyds of Texas be an insolvent insurance exchange. We think a reasonable interpretation of the contract is, that the condition of insolvency goes to the merits of the liability, and, only if insolvent, is thereby a liability. Indeed, on the trial of the cause on its merits, if the Lloyds of Texas is shown to be a solvent concern, appellee could not recover on the note sued upon; and, on the other hand, if the Lloyds of Texas is shown to be an insolvent concern, proof of the execution of the note would establish prima facie the liability of the maker. It is clear, we think, that the venue of the suit is not conditioned on the solvency or insolvency of the Lloyds of Texas. That issue goes to the merits of the controversy as to whether the maker is liable on the note and not the place of performance. We can see no good reason to require the plaintiff, on a hearing of a plea of privilege, to go beyond the venue facts.

■■ We have expressed no opinion as to whether the present suit should be abated on account of the pendency of the prior suit in McLennan county, between the same parties and involving the same subject-matter, except we have said that the pendency of the prior suit involves a question of jurisdiction of the Dallas county court, and

that issue is determinable on a hearing of plea in abatement and not on a hearing of a plea of privilege. However, we are obsessed with the idea that the order of the Dallas county district court, under the holdings of our Supreme Court, in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, restraining plaintiff from further prosecuting the McLennan county suit, is void. Since jurisdiction attached to the McLennan county court by the filing of the suit there, involving the same parties and subject-matter, it cannot be abated by a subsequent proceedings in another co-ordinate court, nor can a co-ordinate court arrest, by writs of injunction, an orderly proceeding of another court of equal dignity. The McLennan district court first acquired jurisdiction of the subject-matter in controversy and should maintain its jurisdiction until a final determination of the issues there involved; and, if the plaintiff in that suit is successful and the judgment of the court cancels the note and securities on the alleged ground of inceptive fraud, such judgment would be res adjudicata as against any judgment which the Dallas county court might render on the note and securities; on the other hand, if the plaintiff in the McLennan county court should fail and the court render judgment against him, then, in that event, the suit in the Dallas county court may then properly and orderly be tried to final judgment.

■■ To sustain appellant's plea in abatement in this proceeding would mean that appellee would be forced to assert his action by cross-bill, in the district court of McLennan county, or perhaps suffer this suit to be consolidated with the McLennan county suit after the transfer. He is not required to do either. Appellee is not compelled to abandon his suit in Dallas county or have it transferred on a plea of privilege because of the pendency of the prior suit. The Dallas county court, as a court of equity, may, instead of abating the suit, suspend the proceedings therein until the termination of the suit having priority and then revive the action, if there be anything to litigate. Long v. Long (Tex.Civ.App.) 269 S.W. 207. It would be inequitable, in view of the record before us, for the Dallas county court to proceed in the case before it while holding in abeyance the suit in McLennan county, by writs of injunction. Until the Dallas county court has acted in the premises, to the prejudice of appellant, and its action is brought to the atten-

tion of·this court in a manner prescribed by law, we are not authorized to direct the course of the trial court, on the issue of abatement.

Appellant's motion for rehearing is overruled.