**GIFFORD–HILL & CO., Inc., v. HEARNE SAND & GRAVEL CO. et al.**

No. 2619.

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1944.

Rehearing Denied Dec. 7, 1944.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellant.

Naman, Howell & Boswell, of Waco, for appellees.

HALE, Justice.

This is an appeal from an order overruling a plea of privilege. The paramount question presented for decision is whether the action declared upon by appellees is a suit upon or by reason of an obligation performable in McLennan County under the terms of a written contract within the meaning of Subd. 5, Art. 1995 of Vernon's Tex.Civ.Stats.

Hearne Sand & Gravel Company and others instituted the suit in the 54th District Court of McLennan County against Gifford-Hill & Company, Inc., for the recovery of $25,000. As grounds of the recovery sought, appellees alleged in substance that on December 26, 1934, the Gravel Company and another entered into a contract in writing with Gifford-Hill by the terms of which, among other things, the former leased to the latter two tracts of land and certain personal property situated in Robertson County, Texas for use in mining sand and gravel for the period from January 1, 1935 to December 31, 1939; that the lessors further agreed in said contract to sell one of the tracts of land, known as the Baker-Smith tract, and the personal property therein described for the price and upon the terms set forth in said contract; that in consideration thereof lessee agreed to pay to lessors at Waco in McLennan County, Texas, the total sum of $25,000 as rentals during the lease period and further sums as royalties in respect to the Baker-Smith tract, not exceeding in the aggregate the additional amount of $25,000; that by the terms of said contract it was agreed that the sale should be consummated and title to the Baker-Smith tract and the personal property should vest in lessee when the latter had paid to lessors prior to December 31, 1939, $25,000 in rentals, and had further paid royalties in respect to said Baker-Smith tract on the basis provided in said contract aggregating $25,000, or had further paid the aggregate amount of such royalties as had accrued at a time when sand and gravel from said Baker-Smith tract might have become depleted by mining operations so that such products could no longer be produced and sold in commercial quantities at a profit. Appellees further alleged that sand and gravel was available in and upon the Baker-Smith tract at all times during the lease period in sufficient quantities that such products could

have been produced and sold in commercial quantities at a profit by the usual and reasonable mining operations and the royalties provided for under such contract would have aggregated the sum of $25,000.-00; that lessee assumed title and control and converted to its use and benefit all of the personal property described in the contract but failed to pay lessors the balance of the purchase price therefor in the sum of $25,000; and that the value of the personal property delivered under said contract was $25,000. They prayed that they have judgment "for the amount of their said debt and damages in the sum of $25,000 and interest from December 31, 1939" and for such other relief as they may show themselves entitled to in the premises.

Appellant says the court erred in overruling its plea of privilege because (1) appellees' petition, properly construed, is not upon an obligation contained in a written contract performable in the county where the suit was filed, but is for conversion of personal property in Robertson County; (2) the contract in evidence is at variance with the contract described in appellees' petition; and (3) the evidence is insufficient to show the existence of the obligation relied upon.

■■ In construing the petition of appellees for the purpose of determining the nature of the cause of action therein declared upon we must consider the same in its entirety. As said by this court in the case of Hooser v. Forbes, 33 S.W.2d 550, 551: "The character of a case with respect to the application of our venue statutes, or otherwise, must be determined by the facts alleged, the rights asserted thereunder, and the relief prayed for." When appellees' petition is thus considered from its four corners we think it is clearly apparent that the dominant purpose of their suit is to recover upon the asserted obligation of appellant to pay royalties under the terms of the contract described in appellees' pleadings in the total aggregate sum of $25,000. Although appellees alleged that appellant had "assumed title and control and converted to its own use and benefit all of said personal property, but has wholly failed to pay the balance of said purchase price in the amount of $25,000," it appears to us that this allegation is manifestly only an incident to their asserted right to recover royalties under the contract which sums so due as royalties, however, also covered the agreed purchase price of the personal property over which it is alleged

that appellant had assumed title and control, thereby converting the same to its own use and benefit, without paying the purchase price therefor in accordance with the terms of the contract sued upon. Lone Star Mutual Life Ass'n v. Bruno, Tex. Civ.App., 101 S.W.2d 1059. Therefore, we hold that the cause of action asserted in appellees' pleadings is a suit "upon or by reason of" an obligation performable in McLennan County under a written contract, as distinguished from a suit for conversion of personal property independent of such contract.

■■ Appellant's further contentions to the effect that the written contract in evidence is at variance with the contract described in appellees' petition, and that the evidence is insufficient to show the existence of the obligation relied upon, are based upon the fact that the contract in evidence contains certain additional provisions which were not set forth in appellees' pleadings. Appellant asserts in this connection that even though appellees' petition alleged an unqualified obligation to pay royalties, the contract in evidence discloses that such obligation was only conditional and that appellees wholly failed to prove the existence of the conditions under which the obligation relied upon would become operative and enforceable. The contract, admitted in evidence without any objection, is lengthy and involved, covering 25 pages in the statement of facts, and any effort on our part to set forth all of its terms and conditions would require this opinion to be extended beyond the length of propriety. Hence it must suffice to say that while the contract in evidence embraced the substance of all the provisions alleged by appellees it also contained some additional provisions which were not pleaded. Assuming, however, under these additional provisions and under all of the terms contained in the contract in evidence, or under the terms and conditions of the contract as pleaded, that the obligation of appellant to pay royalties was only conditional, we do not think it was incumbent upon appellees to prove at the hearing on the plea of privilege the existence of any or all of the contingencies necessary to make the obligation relied upon presently enforceable. Forman v. Prince, Tex.Civ.App., 97 S.W.2d 1002, pt. 3. These are matters which go to the merits of the case and do not constitute any of the essential venue facts here involved. If as a matter of law the asserted cause of action was and is a suit upon or by rea-.

son of a contractual obligation to pay royalties, as we think it was, then under Subd. 5, Art. 1995 of Vernon's Tex.Civ.Stats., appellees were not required on the hearing of the plea of privilege to prove the existence of their asserted cause but they were only required to prove that appellant had contracted in writing to perform such obligation, if anywhere, in McLennan County, and this they did. Hess v. Young, Tex. Civ.App., 160 S.W.2d 574; Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698.

Therefore, all of appellants' points are overruled and the judgment of the trial court is affirmed.

TIREY, J., took no part in the consideration and disposition of this case.