### RENAUD et al. v. SIMMONS.
### No. 4911.

Court of Civil Appeals of Texas. El Paso.
Oct. 29, 1952.

Rehearing Denied Nov. 19, 1952.

Maurice R. Bullock, Fort Stockton, John A. Kerr, Thompson, Walker, Smith & Shannon, Fort Worth, for appellee.

McGILL, Justice.

This is an appeal from an order of the District Court of Pecos County, 112th Judicial District, overruling separate place of privilege filed by appellants. One of the appellants is a resident of Tarrant County and the other appellant is a resident of Dallas County, and by their separate pleas each claimed the privilege of being sued in the county of his residence.

The question presented is succinctly stated by appellee:

"The only question presented is whether the action declared upon by appellee is a suit upon or by reason of an obligation performable in Pecos County, Texas, under the terms of a written contract, within the meaning of Subdivision 5, Article 1995, V.A.C.S."

By the contract referred to appellee agreed to drill a test well on a lease owned by appellants on Section 13, Block A, G. W. R. & P. R. R. Co. Survey in Sutton County, Texas. The contract specifies the obligations of the parties in detail. The price which appellants agreed to pay appellee for the work to be performed by him was $6.50 per foot drilled from the surface to approximately 4,650 feet, with a guarantee of $1.50 per foot net profit and provision for payment for day work under certain conditions. The clause of the contract here involved is appellants' obligation expressed in Paragraph H thereof:

"To pay contractor entire consideration at Fort Stockton, Texas, when obligations hereinabove set out have been discharged."

By appropriate points appellants urge that the court erred in overruling their respective pleas of privilege because (1) the language used in the contract is as a matter of law insufficient to confer venue upon the District Court of Pecos County under Exception 5; (2) because the language used in the contract did not impose upon appel-

Prentice Wilson, Dallas, Hart Johnson, Pecos, for appellants.

lants an unconditional obligation to perform or pay at Fort Stockton, Texas, but at most only a conditional obligation to pay at Fort Stockton, and in order for the court to hold venue under said clause it was necessary for him to determine the merits of the controversy and assume the question at issue; (3) because the language used in the contract does not fall within the express provision of exception 5; (4) because the appellee did not discharge the burden of proof resting upon him to plead and prove his right to maintain the suit in the District Court of Pecos County under exception 5; (5) because appellee did not prove the execution of the written contract sued upon nor offer one scintilla of evidence that he had performed or undertaken to perform any of his obligations under the contract, and (6) because the court erred in overruling appellants' special exceptions to appellee's original petition.

Under the pleadings of the parties it was not necessary that plaintiff prove the execution of the written contract on which he sued. In his petition he alleged that on the 15th day of January 1952 the defendants entered into such written contract, a photostatic copy of which was attached to his petition; the petition was incorporated in his controverting pleas. Defendants did not deny this allegation under oath as required by Rule 93(h), Texas Rules of Civil Procedure. The pleas of privilege did not constitute a denial under oath of this allegation. Rule 86, T. R. C. P. Under this pleading no fact issue was raised as to the execution of the contract by defendants. Harvey v. Bain, 140 Tex. 375, 168 S.W. 2d 234, loc.cit. 237 (4), Comm.App. opinion adopted.

In determining the question of venue under Exception 5 we must look alone to the written contract. Laughlin v. Nordyke, Tex.Civ.App., 215 S.W.2d 424. The single venue fact to be determined under Subdivision 5, Art. 1995, is whether defendants have contracted in writing to perform the alleged obligation which is sought to be enforced by the suit in Pecos County. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, Comm.

App. opinion adopted. The obligation specified in paragraph H of the contract is defendants' obligation to pay the contractor the entire consideration at Fort Stockton, Texas. This is the obligation which plaintiff sought to enforce by the suit. The fact that this obligation is conditioned on the further provision "when obligations hereinabove set out have been discharged" is immaterial. This condition goes to the merits of plaintiff's cause of action and not to the question of venue. Gifford-Hill & Co. v. Hearne Sand & Gravel Co., Tex. Civ.App., 183 S.W.2d 766; Forman v. Prince, Tex.Civ.App., 97 S.W.2d 1002. If plaintiff can recover anywhere on the contract, by its express terms he can recover at Fort Stockton, Texas. We judicially know that Fort Stockton is in Pecos County, Texas, and is the county seat thereof. Burtis v. Butfer Bros., 148 Tex. 543, 226 S.W.2d 825, loc.cit. 829 (7).

All of appellants' points are overruled and the order of the trial court overruling appellants' pleas of privilege is affirmed.

Affirmed.