**John R. WHITWORTH, Executor of the Estate of J. L. Whitworth, Deceased, Appellant,**

v.

**MANGELS OF TEXAS, INCORPORATED, Appellee.**

No. 3896.

Court of Civil Appeals of Texas.

Waco.

June 22, 1961.

Rehearing Denied July 5, 1961.

Tom H. Kee, Waco, for appellant.

Pat Beard, Waco, for appellee.

WILSON, Justice.

Appeal from order sustaining appellee's plea of privilege, primarily involving application of subdivision 5, Art. 1995, Vernon's Ann.Tex.Stat. Appellant alleged and proved a contract in writing under which appellee became lessee of a store building owned by appellant, described as being located in Waco, Texas. The contract authorized appellee to remove fixtures which it attached to the building, provided it should pay all damage resulting from such removal. It provided that at expiration of the term, lessee would "yield up the premises to the lessor in as good condition as when the same were entered upon by lessee," with usual exceptions; and that rentals were payable in Waco, Texas.

Appellant pleaded a breach of lessee's covenant to deliver the premises in good condition, enumerating structural and other items of damage to the building existing after appellee surrendered possession, and relied on the provisions of Subd. 5 in his controverting plea.

Under this subdivision, no proof of a cause of action is required as one of the venue facts. "Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935." Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W. 2d 698, 699.

Appellee urges that although the contract specified a definite place in a particular county for payment of rents, it did not so specify as to "where payment of damages will be made", and consequently Subd. 5 does not apply. It reaches this premise from the language in Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, 123 that "the essential obligation *in suit* for venue purpose is that of payment", and since no place of performance of *"that obligation"* was stated in the contract, the Subd. 5 exception was not involved. The Supreme Court explains that language: the suit there was on the "obligation" to take and pay for gas, and the Court emphasized the character of suit, demonstrating the purpose of the subdivision was to restrict its scope to cases in which place of performance of the "obligation in suit" was named in the contract.

In the Steffens case is the precept that under Subd. 5 there is but one venue fact: "This single fact is to the effect that the defendant has contracted in writing to perform the *alleged obligation*" in the county where the suit is brought. There the obligation sued on was to drill offset wells, and it was held the place of performance was named in the lease instrument: "The parcel of land in Jones County in respect to which the parties to the lease were contracting." So, in Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, 678, it is said the contract alone must be looked to in determining whether it provides for performance of "the obligation sued upon" in the county of suit.

Here the "obligation sued upon," among others, is appellee's covenant to deliver up the premises in as good condition as they were at the beginning of the lease term. The action is for breach of the covenant, and damages for failure to perform that obligation. The written lease contract provided that this obligation was to be performed in a particular county—the county in which the realty "in respect to which the parties to the lease were contracting" was located, and appellant fully established the necessary venue fact.

The judgment is reversed, and judgment is here rendered overruling the plea of privilege.