BAKER & TAYLOR DRILLING CO., Appellant,

v.

BLANCHARD DRILLING CO. and Pete Thomas, Appellees.

No. 7192.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 19, 1962.

Rehearing Denied Jan. 7, 1963.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

Neill, Blanks, Lewis & Logan, San Angelo, for appellees.

CHAPMAN, Justice.

This is an exception five venue case. The exception provides:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." Article 1995, Subdivision 5, Vernon's Ann.Civ.St.

Baker & Taylor Drilling Co., appellant, sued Blanchard Drilling Co. and Pete Thomas in Potter County to recover damages for alleged failure of appellees to make payments to them for materials, services, work, equipment, etc. furnished by appellant pursuant to a written contract between the parties obligating them so to do. The trial court after a hearing on the plea of privilege, duly controverted, transferred the case to appellees' county of residence, Tom Green County. Appeal is perfected from that judgment.

The written contract provides appellant was to furnish the drilling rig, etc. and appellees were to furnish certain equipment and supplies at their sole cost and expense; provides appellees were to pay appellant $15,000 cash and to assign an undivided interest in the described leases; and provides appellees were to pay appellant for day work time performed in excess of a certain amount. That part of the contract that seems to furnish the basis of the disagreement and interpretation between the parties and which we believe the trial court misinterpreted in changing venue provides: "The cash consideration herein agreed to be paid by Second Party to First Party shall be paid at Amarillo, Potter County, Texas * * *." Appellant's petition alleged performance of day work by appellant entitling it to $14,394.53 and that appellees owe it $18,870.59 for supplies and equipment, after allowances for all offsets, credits, and payments made.

■ To determine under this exception whether venue is properly in Potter County we are not required to find appellant established a prima facie cause of action but only whether it has brought suit upon an obligation appellees have contracted in writing to perform in Potter County. Petroleum Producers Co. v. Steffens et al., 139 Tex. 257, 162 S.W.2d 698 (Com.App. opinion adopted); Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677; Whitworth v. Mangels of Texas, Inc., Tex. Civ.App., 347 S.W.2d 844 (writ dismissed).

Appellees contend only the $15,000 item provided for in paragraph three of the con-

tract was to be paid in Potter County and therefore any claim for other payments would have to be tried in Tom Green County.

Payment is an affirmative defense to be determined only upon the merits. Southwestern Investment Company v. Allen, 160 Tex. 258, 328 S.W.2d 866. However, even if it should be said that the pleadings of appellant do not include the $15,000 item and it is not a part of the cause of action alleged, we still believe the contract is not subject to that narrow and technical interpretation urged by appellees. In arguing the point appellees contend appellant must rely on the proposition that "cash" was used in the same broad meaning as "money". We believe a study of the contract shows that "cash" was used in just that sense. The terms "cash" and "money" taken in their usual and accepted sense have the same meaning. People v. Quiel, 68 Cal.App.2d 674, 157 P.2d 446. "Cash" taken in its technical and narrow sense would be minted or current coin, strictly coin or specie. Thompson v. Thompson et al., 149 Tex. 632, 236 S.W.2d 779. Surely appellees would not contend that the term "cash" as used in the contract was intended to mean the $15,000 cash payment was contemplated as cash in the sense of currency, or coin or specie. The very fact that they made the payments they did make by check would indicate a contrary view.

The well was to be drilled in Lipscomb County. The contract provides that appellees, in addition to the $15,000 payment, were to make other money payments to appellant, such as the day work time money appellant alleges was due in the amount of $15,394.53 and the payments for certain equipment and supplies. Then, the contract requires that appellees were to furnish certain materials and furnish the right of ingress and egress. The materials were to be used in the well drilling operation in Lipscomb County and obviously were needed in the county of the well location. Therefore, we believe the word "cash" as used in the contract was simply for the purpose of distinguishing the contractural obligations payable in an equivalent of money and those obligations not so performable.

A question very close to ours has been decided by the El Paso Court of Civil Appeals.[1] There the contract for the drilling of a well provided the "entire considerations" should be paid the contractor at Fort Stockton whereas our contract provides the "cash considerations" should be paid in the county of suit, Potter County. That contract, so far as we can tell from the opinion, obligated the defendant only to the payment of money, whereas ours required a number of other obligations of defendant that did not include money. That court held venue in the county provided in the contract for payment.

In our case, if the term "cash" is considered in the same broad meaning as "money", then it seems clear that all payments to which appellant was entitled were to be made in Potter County because the only obligations under the contract for which appellant is suing are obligations which required the payment of money as distinguished from such obligations as those requiring the transfer of interests in the lease, etc. Accordingly, we hold appellant has brought suit upon an obligation appellees have contracted to perform in Potter County; viz. payments of money they obligated themselves for in the services rendered. Venue, therefore, is in Potter County and the judgment is reversed and rendered to conform to this holding.

1. Renaud et al. v. Simmons, 254 S.W.2d 418.