Daniel D. DOWDEN, Appellant,

v.

Dorothy Mae CANNON, Independent Executrix of the Estate of Lila Mae Dowden, Deceased, Appellee.

No. 618.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 10, 1972.

Rehearing Denied May 31, 1972.

Joe J. Newman, Houston, for appellant.

Paul A. Taylor, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiff-appellee Cannon, as executrix of the estate of *Lila Mae Dowden, deceased, brought suit* in the District Court of Harris County against the defendant-appellant, Dowden. The defendant's plea of privilege was overruled and he appeals from such judgment.

The sequence of events leading to the trial court's judgment is as follows: Following the filing of plaintiff's original petition defendant filed his plea of privilege to be sued in the county of his residence, Grimes County, Texas. A controverting plea was thereafter timely filed by the plaintiff. A hearing was held on November 15, 1971, and the court's order of that date recited ". . . and the Court being of the opinion that said Plea of Privilege should be granted did grant same, after having heard the Plaintiff, was of the opinion that in the interest of justice said plea should *not* be granted at this time and reversed his decision . . ." (emphasis added). The court then proceeded to reset the hearing for a subsequent day so as to allow plaintiff to amend her pleadings. Once again, on November 29, 1971, the cause came on for hearing and by the court's order of such date it was again continued in the interest of justice so that the plaintiff could amend her petition. Plaintiff's first amended original petition was then filed and thereafter, on December 6, 1971, the cause came on for hearing once again. It was in this instance that the plea of privilege was denied and it is from such order that the instant appeal is made by the defendant.

From the record before this Court it is apparent that the only evidence presented was that which was given on December 6, 1971. At the outset of that hearing the court stated:

"It is obvious from the statute that the venue is in Harris County, and I am denying Defendant's Plea of Privilege."

The only witness who took the stand and testified was the defendant, Dowden, who stated that he was a resident of Grimes County, Texas. The only other evidence was the introduction by both parties of the various pleadings which was before the court.

It is of course basic that the burden of proving that the case falls within one or more of the exceptions mentioned in the general venue statute is upon the plaintiff. It is the plaintiff's contention here that her cause of action was brought under Tex.Rev.Civ.Stat.Ann. art. 1995, sec. 18 (1955) ". . to revise the proceed-

ings of the probate court" and that the necessary venue facts stand as established by her pleadings. Section 18 provides: "Revision of probate.—Suits to revise the proceedings of the county court in matters of probate must be brought in the district court of the county in which such proceedings were had."

Section 18 has been listed as one of the mandatory, as contrasted to permissive, subdivisions of Article 1995. Lewis v. Gulf, C. & S. F. Ry. Co., 229 S.W.2d 395, 397 (Tex.Civ.App.—Galveston 1950, writ dism'd). The Court in such case stated that a party is entitled to have the case transferred to (or maintained in) ". . . the county provided for in such mandatory provision, regardless of the defendant's residence, upon the filing of the proper plea." The foregoing case did not specifically involve Section 18, however.

In 1 McDonald, Texas Civil Practice sec. 4.26 (Revised Edition 1965) it is stated "Subdivision 18 is not a venue statute. It fixes the jurisdiction of suits to 'revise the proceedings of the county court in matters of probate' in 'the district court of the county in which the proceedings were had.'" In Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956) the Supreme Court recognized that there are ". . . cases in which a venue fact may be established as a matter of law by the allegations of the petition. For example a corporation is an indispensable party to a suit brought by the stockholders for its benefit. The venue fact that the plaintiffs sue for the benefit of the corporation pertains to the nature of the suit and is conclusively established by the allegations of the petition." We are of the opinion that the present case involving Section 18 is also an instance where the nature of the suit is established as a matter of law by the allegations of the petition.

In plaintiff's first amended original petition it is made clear that the plaintiff is bringing suit in her capacity as the independent executrix of the estate of Lila Mae Dowden, deceased. The case number and probate court is identified. Plaintiff's petition then recites:

"This suit is brought under Texas Revised Civil Statutes Ann., Article 1995 sec. 18, which states: 'Suits to revise the proceedings of the County Court matters of Probate must be brought in the District Court of the county in which such proceedings were had,' to revise the Defendant's inventories filed on February 19, 1970, and on May 8, 1970, which latter inventory was entered by the Probate Court of record on May 8, 1970, and to settle the issues that have arisen from said inventories, and therefore to revise the proceedings of the Probate Court. The inventories constitute proceedings of the Probate Court, as do the orders permitting such inventories to be filed."

"The character of a case with respect to the application of our venue statutes, or otherwise, must be determined by the facts alleged, the rights asserted thereunder, and the relief prayed for." Hooser v. Forbes, 33 S.W.2d 550, 551 (Tex.Civ.App.—Waco 1930, no writ). The allegations of the petition determine the nature of the suit, Ladner v. Reliance Corp., supra, and we believe its nature as an action to revise the probate proceedings of Harris County is made evident by the pleading quoted above.

Defendant's points of error are overruled. The judgment of the trial court is affirmed.