Lou Jean Cawthon McCARTY, Appellant,

v.

Vivian Diann Cawthon LOFTICE, Individually and as next friend for Lori Ann Cawthon, a minor and Opal Jane Cawthon Wright, Appellee.

No. 20003.

Court of Civil Appeals of Texas, Dallas.

Aug. 31, 1979.

James E. Fordham, Jr., Dallas, for appellant.

James A. Frazier, McKinney, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

STOREY, Justice.

This is an appeal from an order overruling defendant's plea of privilege to be sued in Dallas County, Texas, and placing venue in Collin County, Texas. The issue is whether this suit is an attempt to revise probate proceedings under Tex.Rev.Civ. Stat.Ann. art. 1995, subdivision 18 (Vernon 1964). We conclude that subdivision 18 does not control, and venue was properly retained in Collin County. Affirmed.

Plaintiffs are surviving children of M. D. Cawthon, deceased, and defendant is the surviving spouse. Plaintiffs sued defendant in Collin County for conversion of property of the decedent's estate which was held and claimed by defendant by virtue of an order of a probate court of Dallas County. In its order closing administration of the estate and discharging the administratrix, the probate court provided that the property in question passed to defendant under the terms of the decedent's will. The record fails to show, however, that the will was ever admitted to probate. Defendant is a resident of Collin County, but nevertheless contends that because plaintiff's suit is one to revise the order of the probate court, venue is proper in Dallas County where the probate proceedings were had. Plaintiff, on the other hand, urges that subdivision 18 does not apply, and venue therefore lies in defendant's county of residence.

Article 1995, subdivision 18 provides: "Revision of probate.—Suits to revise proceedings of the county court in matters of probate must be brought in the district court of the county in which such proceedings were had." Defendant argues that because this provision is mandatory, rather than permissive, venue is conclusively established in Dallas County. We cannot agree. The character of the case with respect to application of the venue statute must be determined by the facts alleged in plaintiff's petition, the rights asserted thereunder and the relief prayed for. *Dowden v. Cannon,* 480 S.W.2d 822, 824 (Tex. Civ.App.—Houston [14th Dist.] 1972, writ dism'd); *Hooser v. Forbes,* 33 S.W.2d 550, 551 (Tex.Civ.App.—Waco 1930, no writ).

Plaintiff's petition contains no allegation that this is a suit to revise probate court proceedings. Instead, plaintiffs allege that defendant converted to her own use and benefit all of the personal property in which decedent had an interest at the time of his death. Although the statement of facts reveals some evidence of plaintiffs' attempt to collaterally attack the order of the probate court, this is not the test. The allegations of the petition are controlling,

and it declares upon a cause of action for conversion, not upon one for revision of the proceedings of a Dallas County probate court.

Our holding is limited to the question of whether venue is proper under subdivision 18 of article 1995, and we do not rule on the effect of the Dallas County Probate Court's order on plaintiff's cause of action for conversion. We affirm the trial court's order overruling defendant's plea of privilege.

Affirmed.